UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

REX VENTURE GROUP LLC
d/b/a ZEEKREWARDS.COM, and
PAUL R. BURKS,

    Defendants.

C.A. No. 3:12cv519 ( )

## CONSENT OF DEFENDANT REX VENTURE GROUP LLC

1.     Defendant Rex Venture Group LLC d/b/a ZeekRewards.com, any of its subsidiaries, whether incorporated or unincorporated, and any businesses or business names under which it does business ("Defendant"), waives service of a summons and the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of judgment in the form attached hereto (the "Agreed Judgment As To Rex") and incorporated by reference herein, which, among other things permanently restrains and enjoins Defendant from violation of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c) and 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17

1

C.F.R. § 240.10b-5], and from directly or indirectly participating in, or facilitating, the solicitation of any investment in any security or in the offering of any security.

3. Defendant hereby consents to the entry of the agreed Order Appointing Temporary Receiver and Freezing Assets of Defendant Rex Venture Group LLC filed in connection with this action (the "Agreed Order Appointing Receiver and Freezing Assets") and incorporated by reference herein. Defendant agrees to cooperate with the appointed receiver and the Commission in all aspects as set forth in the Agreed Order Appointing Receiver and Freezing Assets, including, but not limited to: preserving, marshaling, accessing and repatriating all assets of Rex Venture and accessing any other information concerning Rex Venture, including access to its books, records and accounts.

4. Defendant agrees that the Court shall order disgorgement of any and all ill-gotten gains and pre-judgment interest thereon, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant further agrees that the amount of disgorgement shall be determined by the Court upon motion of the Commission, and that pre-judgment interest shall be calculated from January 1, 2011 based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Agreed Judgment As To Rex; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn

deposition or investigative testimony and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement, the parties may take discovery, including discovery from appropriate non-parties.

5. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Agreed Judgment as To Rex.

7. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8. Defendant agrees that this Consent shall be incorporated into the Agreed Judgment As To Rex with the same force and effect as if fully set forth therein.

9. Defendant will not oppose the enforcement of the Agreed Judgment As To Rex on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Agreed Judgment As To Rex and agrees that entry of the Agreed Judgment As To Rex by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Agreed Judgment As To Rex is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Agreed Judgment As To Rex.

3

Case 3:12-cv-00519-GCM   Document 5   Filed 08/17/12   Page 3 of 6

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

12. Defendant acknowledges and agrees that, by bringing this action against Defendant Rex Venture Group, LLC involving securities offered through ZeekRewards.com and ZeekRewardsNews.com, the Commission has not taken any position on the legality of Zeekler.com or any other subsidiary of Rex Venture Group, LLC, whether incorporated or unincorporated, or any businesses or business names under which Rex Venture Group, LLC does business.

13.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Agreed Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15.     Defendant agrees that the Commission may present the Agreed Judgment to the Court for signature and entry without further notice.

16.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Agreed Judgment.

Dated: 8/17/12
Rex Venture Group LLC

By: _Paul R Burks_
Name: PAUL R BURKS
Title: MANAGING PARTNER
Address: 803 W. CENTER ST
LEXINGTON, NC 27292

On __8-17__, 2012 __Paul R. Burks__, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of __Rex Venture__ as its __Managing Partner__.

_Marie G. Seg___
Notary Public
Commission expires: 1-24-15

Approved as to form:

_[signature]_
Attorney for Defendants

[Notary Seal: MARIE G. SEGUIN, NOTARY PUBLIC, MECKLENBURG COUNTY, N.C., My Comm. Exp. January 24, 2015]

6