RECEIVED
CHARLOTTE, N.C.

NOV 2 0 2012

Clerk, U. S. Dist. Court
W. Dist. of N. C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE, NC

SECURITIES AND EXCHANGE COMMISSION
Plaintiff

vs.

Civil Action No: 3:12-CV-519

REX VENTURE GROUP, L.L.C. d/b/a
ZEEKREWARDS.COM, and PAUL BURKS
Defendants

_____/

## MOTION OF NON-PARTY TO QUASH SUBPOENA

Non-party Nathaniel Woods does hereby respectfully request that this Court quash the

subpoena allegedly served upon him, or in the alternative declare that no valid subpoena

has been properly served upon Woods pursuant to F.R.Civ.P. Rule 45. Said Motion is not

to be construed as a general appearance on behalf of Movant.

### Statement of Facts

1. Movant Nathaniel Woods lives and works in the state of Florida and is not located

   within 100 miles of this Court as required by F.R.C.P. Rule 45.

2. On or about October 31, 2012, Receiver McGuireWoods, L.L.P. by and through Irving

   M. Brenner, purported to serve Woods an alleged subpoena via the U.S. Postal Service,

   First Class mail. A copy of said document is attached as Exhibit "A".

Page 1

3. Mr. Brenner and/or Mr. Kenneth D. Bell, working for McGuireWoods, L.L.P. as receivers, failed to follow subpoena requirements pursuant to F.R.Civ.P. Rule 45 and fulfill all conditions precedent. Said document was never duly issued or served.

4. The Movant Nathaniel Woods, lives and works in the state of Florida and is not located within North Carolina or within 100 miles of this Court.

5. The Movant is not subject to the personal or geographic jurisdiction of this court. Rather ignore an invalid subpoena, Movant is exercising caution and giving this Court judicial notice of the facts surrounding the issuance of an invalid subpoena and the lack of diligence by McGuireWoods, L.L.P., their employees/officers/agents. Movants respectfully requests the attached subpoena be quashed.

## ARGUMENT

### I. Lack of Jurisdiction - No Service of Process

6. F.R.Civ.P. Rule 45 requires that Subpoenas be personally served by delivering a copy to the "named person", and if it "commands production of documents . . then before it is served, a notice must be served on each party."

7. The alleged subpoena was not served in person as required by F.R.Civ.P. Rule 45(b).

As a result, this Court lacks jurisdiction due to lack of personal service of the alleged

subpoena as required by Rule 45 and said subpoena should be quashed. Agran v. City of

New York, 1997 WL 107452, at * 1 (S.D.N.Y. Mar. 11, 1997) ["a subpoena duces tecum

must be served personally"]


## II. Lack of Notice Regarding Subpoena

8. Prior to receiving the alleged subpoena, Movant Woods never received a Notice as

   required by F.R.Civ.P. Rule 45.


9. Rule 45 (b)(1) requires noticing a person:

   "If the subpoena commands the production of documents, electronically
   stored information, or tangible things or the inspection of premises before
   trial, then before it is served, a notice must be served on each party."

10. The 1991 Amendment of Rule 45 regarding prior Notices on Subpoenas was a result

    of subpoena's being issued to non-parties. As a result, the Advisory Committee added

    the requirement of prior notice. In 2007, Rule 45 was further clarified stating that the

    Noticing party (Irving M. Brenner, Thomas Bell and McGuireWoods L.L.P.) *must*

    provide notice to all of the other parties before serving the subpoena on a witness.

    Further, the Notice must include a copy of the subpoena.

Page 3

11. Movant received the document's marked "Exhibit A". Although there was a cover letter included with the alleged Subpoena, said document included a command to respond by November 16, 2012 along with an 8 page Subpoena, Exhibit A, requesting production of documents. (see Movant's attached Exhibit A).

12. Movant never received any prior notice or copy of the alleged subpoena prior to its receipt on November 5, 2012. As a result, this discovery violates F.R.Civ.P. Rule 45 and this court's order of August 17th, 2012, paragraph 12, pp. 8-9:

*". . . the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure."*

13. And although Movant is not an employee, agent, officer, director, or servant, of Rex Venture Group L.L.C., the Federal Rules of Civil Procedure regarding discovery still apply.

14. In issuing the alleged Subpoena, Mr. Irving M. Brenner, failed to comply with the requirements of the Federal Rules. As a result said subpoena did not duly issue and therefore this Court lacks jurisdiction.

Page 4

## III. No Geographic/Personal Jurisdiction

15. Service by the U.S. Postal Service via First Class mail to the Movant in Ocala,

Florida, does not meet the requirements of the Federal Rules of Civil Procedure.

When serving a subpoena, *it may be served at any place:*

(A)"within the district of the issuing court"; (B) outside the district but within 100 miles of the place specified for deposition; hearing, trial, production or inspection." ; (C) "within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction. . " ; (D)"or that the court authorized on motion and for good cause if federal statute provides."

F.R.Civ.P. Rule 45(b)(2).

16. Further, the alleged subpoena does not set forth a place for responding that would be

within 100 miles of the Movant's residence as required by F.R.Civ.P. 45(c)(3)(B)(iii).

17. On close examination, said Subpoena has not been executed by "Irving S. Brenner".

F.R.Civ.P. Rule 45(a)(3) requires that subpoenas be signed either by the clerk of court or

by the attorney who is authorized to practice in the court where the immediate action is

pending.

18. Although said document bears the typed name of Mr. Brenner, his signature does not

appear anywhere on its face. Therefore, the alleged subpoena was never properly issued

from this court. Another violation of F.R.Civ.P. Rule 45.

Page 5

19. For each of the above reasons, the alleged subpoena is invalid. The Movant is not subject to the personal jurisdiction of this Court. Movant's motion is not intended to act as a general appearance and any perceived personal jurisdiction is hereby denied.

20. Movant is a resident in the state of Florida. Use of a bogus subpoena for the purpose of intimidation and harassment, and sent via the U.S. Postal Service is defined as simulated process under Florida Statutes. F.S. 843.0855 prohibits the use of any simulated process or legal documents, used under color of law. A third degree felony.

## IV. UNDUE BURDEN

21. As a result of Mr. Brenner's flagrant violation of the Federal Rules of Civil Procedure regarding discovery, the Movant who is acting pro se, has had to bear the burden of undue expense and time regarding a bogus subpoena.

22. Movant Nathaniel Woods had to take time to research Federal Rules on Subpoenas; bear the expense of making copies of those Rules; researching and preparing a Motion to Quash; and then bear the burden and expense of serving Mr. Brenner and the parties copies of said Motion.

Page 6

Based upon this, blatant violation of the Federal Rules regarding discovery; failure to issue a valid subpoena; and failure to properly serve said subpoena, Movant is entitled to having the bogus Subpoena quashed or in the alternative, declared no valid subpoena was served.

## Conclusion

The alleged subpoena must be quashed because the Receiver, Mr. Irving M. Brenner, on behalf of McGuireWoods L.L.P, failed to fulfill all conditions precedent as required by the Federal Rules; failed to provide proper Notice to Movant; failed to duly issue the subpoena; issued a subpoena in violation the geographic limitations of Rule 45; issued simulated process; and created an undue burden and expense on the Movant.

As a result this Court lacks jurisdiction and Movant respectfully requests said subpoena is quashed.

Respectfully

Nathaniel Woods, Movant
c/o 216 S.W. 11th Avenue
Ocala, FL 34471

by: _Nathaniel Woods_                    Dated: _November 14, 2012_

Page 7