**McGuireWoods LLP**
201 North Tryon Street
P.O. Box 31247 (28231)
Charlotte, NC 28202
Phone: 704.343.2000
Fax: 704.343.2300
www.mcguirewoods.com

McGUIREWOODS

October 30, 2012

Nathaniel Woods
216 S.W 11th Ave
Ocala, FL 34471

Re: *Securities and Exchange Commission v. Rex Ventures Group, LLC d/b/a ZeekRewards.com and Paul Burks*, (Civil Action No. 3:12 cv 519, W.D.N.C.)
Court Authorized Subpoena for Documents and Information

TO: Nathaniel Woods

On August 17, 2012, the United States District Court for the Western District of North Carolina appointed me as the Receiver for and over the assets, rights, and all other interests of the estate of Rex Ventures Group, LLC ("RVG"), d/b/a ZeekRewards.com and any related companies or businesses. One of my duties as the RVG Receiver is to investigate, pursue and recover all potential claims and other assets of the receivership estate and prevent the dissipation or concealment of receivership property. I am specifically authorized by the court to issue subpoenas for documents and testimony in connection with my investigation and effort to recover money and pursue claims for the RVG estate. Pursuant to that authority, attached is a subpoena issued by the United States District Court for the Western District of North Carolina requiring you to produce documents and information concerning ZeekRewards / Zeekler.com and certain personal financial information. The specific documents requested are listed in Exhibit A to the subpoena and are due on November 16, 2012.

You are receiving this subpoena because you have been identified as an "affiliate," participant, agent or employee in the ZeekRewards operation who received significantly more

"Exhibit A"

money from ZeekRewards than you put into the operation. As alleged in the Securities and Exchange Commission Complaint, ZeekRewards was an unlawful Ponzi and pyramid scheme that used money from later participants to pay "profits" (really just other people's money) to earlier participants and/or those higher up on the pyramid. My goal is to recover these unlawful "winnings" from the alleged scheme for the benefit of the hundreds of thousands of victims who lost money.

The preliminary ZeekRewards records that we have reviewed show that you received $496,106.34 from ZeekRewards but paid in only $0.00. Therefore, you received $496,106.34 of the money lost by victims that must be returned to the Receivership estate.

I am committed to pursue the full legal process necessary to obtain personal court judgments against "winning" participants and recover all money owed to the Receivership estate. The attached subpoena is an important first step in that legal process, and I must insist on your complete cooperation and compliance.

If you have any questions about the subpoena please direct them to the email address or phone number listed on your subpoena. Also, if you would like to discuss return of the money owed by agreement without the necessity of the subpoena and the formal legal process of judgment and collection you (or your legal representative) may send me an email at Zeeksettlement@mcguirewoods.com to find out more about that option.

Sincerely,

/s/ *Kenneth D. Bell*

Kenneth D. Bell

# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina

SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff*
v.
REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS
*Defendant*

Civil Action No. 3:12-CV-519

(If the action is pending in another district, state where: )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Nathaniel Woods

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

SEE EXHIBIT A

| Place: McGuireWoods, LLP<br>P.O. Box 31247<br>Charlotte, NC 28231 | Date and Time:<br>November 16, 2012,<br>5 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: October 30, 2012

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

/s/Irving M. Brenner
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorneys representing *(name of party)* Receiver of Rex Venture Group, LLC (Kenneth D. Bell), who issues or requests this subpoena, are:

McGuireWoods, LLP, 201 North Tryon Street, Charlotte, NC 28202; zeeksubpoena@mcguirewoods.com; (1-877-281-7559).

Civil Action No. 3:12-CV-519

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

This subpoena for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ______________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________________________________

______________________________________________ on *(date)* ______________ ; or

☐ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 3:12-cv-519

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL R. BURKS

Defendant.

**EXHIBIT A**

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

On August 17, 2012, the United States District Court for the Western District of North Carolina issued an Agreed Order in the matter of Securities and Exchange Commission against Rex Ventures Group, LLC d/b/a ZeekRewards.com and Paul Burks, (Civil Action No. 3:12 cv 519) appointing Ken Bell as the Receiver for and over the assets, rights, and all other interests of the estate of Rex Ventures Group, LLC, d/b/a ZeekRewards.com, any of its subsidiaries, and any businesses or business names under which it does business (the "Receivership Defendants"). In that Order the Court granted the Receiver the powers and duties to investigate, pursue and recover all potential claims and other assets of the receivership estate, recover and take into possession from third parties all receivership property and relevant records and prevent the dissipation or

concealment of receivership property. Further, the Receiver was granted the power to issue subpoenas for documents and testimony in connection with those efforts. This subpoena and request for documents and things is issued pursuant to that grant of authority.

## INSTRUCTIONS

In responding to each of the following requests please provide all requested information in your possession, custody or control or within the possession, custody or control of your attorneys, representatives, or other agents. If requested documents or things are readily available to you or your attorneys, representatives or agents, but you contend that they are not within your possession, custody or control you should describe where the documents can be obtained if you are unwilling to produce them.

In the event you are unable to respond completely to any of these requests, you must respond to each to the fullest extent possible, specifying the reason or reasons for your inability to respond to the remainder of the request.

If you assert a privilege or otherwise decline to provide an answer on the basis of some other legal objection, then:

(a) identify and describe the document or communication in question, including its title, its general subject matter, its date, and its author;

(b) describe the basis for the asserted privilege or objection;

(c) identify every person to whom the document was sent, or every person present when the communication was made; and

(d) identify the present custodian of the document, if any, and include sufficient facts for the court to make a full determination of whether the claim or objection is valid.

If you contend that any one or more of these requests is objectionable on the grounds of privilege, over breadth, vagueness or any similar ground, you are to respond to each such request as narrowed to conform with the objection.

Unless otherwise indicated in a specific interrogatory or request, the relevant time period for all requests is January 1, 2010 to the present.

**DEFINITIONS**

A. "You," "your," and "yourself" shall mean the individual or entity to whom the subpoena is issued, all entities controlled by that individual or entity and all other agents, attorneys, representatives and Persons acting or purporting to act on behalf or under the control of the individual or entity subpoenaed.

B. "RVG" shall mean Rex Venture Group, LLC; any businesses or business names under which it does business or are related to its business, including but not limited to ZeekRewards.com and Zeekler.com; and all entities it controls or in which it has an ownership interest, including but not limited to all subsidiaries, partnerships, and related or affiliated unincorporated entities, including business lines or businesses operated via internet websites.

C. "Person" or "persons" shall mean all natural persons and entities, including without limitation corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus, and boards.

D. In addition to bearing its customary and colloquial meaning, the word "document(s)" shall include all items subject to discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and includes any written, recorded or graphic matter, however produced or reproduced, in whatever form and regardless of where located, whether reduced to tangible form or stored in electronic or other medium which can be reduced to tangible form, including but not limited to any summary, schedule, memorandum, note, working paper, drawing, statement, letter, telegram, interoffice communication, report, diary, desk or pocket calendar, time sheet, notebook, daybook, appointment book, pamphlet, periodical, work sheet, cost sheet, list, graph, charge, index, tape, record, partial or complete report of telephone or oral conversation, compilation, tabulation, study, analysis, transcript, minutes, accounting records, data sheet, data processing card or tape, computer disc, diskette, program, electronic bulletin board record, electronic mail record, listing, manual, bill of lading, shipping tally or similar freight documents, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording, electronic or otherwise, which is in your possession, custody, or control or that of any employee, servant or agent of yours or your attorneys. The term "document(s)" shall also include any electronic data, as well as the original files and or containers in which said "documents" are maintained and any and all drafts of responsive "documents."

E. "Communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer, or exchange of information whether orally or face-to-face or by telephone, mail, electronic mail, personal delivery, document, computer transmission, interactive medium transmission, or other means.

F. "Relating to" or "concerning" shall mean relating to, referring to, concerning, constituting, comprising, identifying, dealing with, containing, embodying, illustrating reflecting, stating, commenting on, describing, discussing, responding to, supporting, evidencing, analyzing, or pertaining in any way to.

G. "Belonging to" shall mean owned by you, in your possession, or for your benefit, whether now or in the future.

**DOCUMENTS REQUESTED**

1. All documents constituting or relating to any communication involving or related to RVG or any affiliate, vendor, customer or client of RVG.

2. Documents sufficient to show all user names, passwords, email addresses and accounts used by you in connection with RVG.

3. All documents constituting or relating to any communication between you and Paul R. Burks.

4. All documents relating to your performing any work or giving any assistance, advice or counsel to RVG as an employee, independent contractor, vendor or agent of RVG.

5. All documents constituting or related to any employment or other contract or agreement between you and RVG and any salary or compensation received from RVG.

6. All documents constituting or related to any contract or agreement or governing rules or terms between you and RVG as a customer, affiliate, agent or vendor.

7. All documents relating to any financial transactions of any kind between you and RVG, **including documents sufficient to show all payments made to and received from RVG and the account and user name to which each payment relates**.

These documents should include, without limitation, all money or other consideration paid to RVG and money or other consideration received from RVG in connection with anyone's participation as a ZeekRewards "affiliate"; participation in the ZeekRewards "Retail Profit or Points Pool"; participation in a "matrix" in connection with ZeekRewards; enrollment in a ZeekRewards subscription plan; participation in ZeekRewards or Zeeler.com penny auctions; and the purchase or sale of Zeekler.com bids and/or ZeekRewards VIP bids or any other bids in connection with ZeekRewards or Zeekler.com.

8. All documents related to the placement of advertisements for Zeekler.com or ZeekRewards.

9. All documents related to the recruitment of any Persons to join or otherwise participate in ZeekRewards or Zeekler.com.

10. All documents related to any sale, gift, transfer or assignment of "bids" to be used in connection with ZeekRewards.com or Zeekler.com.

11. All documents constituting or related to any financial statement describing your financial assets or liabilities, including any statements prepared in connection with seeking a loan, mortgage or other form of financing or credit at any time during the period of January 1, 2010 to the present.

12. Your bank account(s), investment account, trust account, savings or credit union account, certificates of deposit and other financial account statements for the period from January 1, 2010 to the present.

13. Any and all documents relating to any and all future interests, life estates, or right or powers exercisable by you or for your benefit since January 1, 2010.

14. All documents relating to your purchase, sale or ownership of any automobiles, trucks, trailers, or other motor vehicles since January 1, 2010.

15. All documents relating to your purchase, sale or ownership of any boats, boat motors or aircraft since January 1, 2010.

16. All documents relating to your purchase, sale or ownership of office equipment, furnishings, inventory or supplies since January 1, 2010.

17. All documents relating to your purchase, sale or ownership of household items or furnishings including audio, video, or computer equipment since January 1, 2010.

18. All documents relating to your purchase, sale or ownership of jewelry, watches, furs, firearms, sports equipment or photographic equipment since January 1, 2010.

19. If not previously included in response to a prior request, all documents relating to your purchase, sale or ownership of any asset or thing valued at more than $1500 since January 1, 2010.

20. All documents relating to any and all of your interests in insurance policies or annuities during the period from January 1, 2010 to the present.

21. All documents relating to any and all interests in IRAs, ERISA, Keogh, or other pension or profit sharing plans belonging to you or for your benefit since January 1, 2010.

22. All documents relating to or reflecting your purchase, sale or ownership of any stock, bond, security, negotiable or non-negotiable interest, financial instrument or

interests in incorporated or unincorporated businesses, associations or trusts from January 1, 2010 to the present.

23. All documents relating to any and all interests in partnerships, joint ventures, or limited liability companies belonging to, owned, or possessed by you since January 1, 2010.

24. All documents relating to your purchase, sale or ownership of any real property, whether individually or as a joint owner with any other person or entity, since January 1, 2010.

25. Your 2009, 2010 and 2011 federal and state income tax returns, including individual returns, joint returns, trust returns and returns for any business or entity in which you own or owned more than a 25% interest.

26. All documents not produced in response to one of the previous requests that relate in any way to RVG, ZeekRewards, Zeekler.com, Paul Burks, Dawn Wright Olivaries or any other employee, agent, affiliate, customer, consultant or agent of RVG.



neopost
10/31/2012
$01.30
ZIP 28202
041L11217209

McGuireWoods
201 North Tryon, Ste 3000
Charlotte, NC, 28202

Nathaniel Woods
216 S.W 11th Ave
Ocala, FL, 34471