IN THE UNITED STATES DISTRCT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>REX VENTURES GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS,<br><br>    Defendants. | Civil Action No. 3:12-cv-519 |

## BRIEF IN SUPPORT OF MOTION TO APPOINT REPRESENTATIVE FOR AFFILIATES

Fun Club USA, Inc., David Sorrells, David Kettner and Mary Kettner ("Movants") file this Brief in Support of Motion to Appoint Representative for Affiliates and state:

### I.
### SUMMARY

According to the Receiver this case is the largest case of its type ever filed in the United States in terms of the number of potential victims and participants. According to the Receiver's estimates there may be 2.2 million Affiliates located around the world. Many of the actions being taken and proposed by the Receiver may substantially and irreparably impact their rights. It is impractical for the Affiliates to each retain counsel and appear in this case. Many of them cannot afford to do so. The Affiliates need representation of their interests in this case.

## II.
## FACTS

1. Rex Ventures Group, LLC operated a penny auction website called Zeekler.com and a related promotional program called ZeekRewards.com. Individuals signed up as "Affiliates" of the ZeekRewards program on a monthly basis. For that month, each Affiliate agreed to purchase sample bids for Zeekler.com, distribute them to new bidders, and place a free Zeekler.com advertisement on the internet every day. In return, Affiliates earned Profits Points that made them eligible to receive daily rewards. The daily reward was a *pro rata* payment totaling up to 50% of the company's daily net profits relating to the penny auction, which the Affiliates could choose to convert into additional Profit Points or to receive as a cash payment in their own personal deposit accounts at NxPay, SolidTrustPay, and Payza/Alert Pay.

2. In the Preliminary Liquidation Plan [Doc. 51 at 3] the Receiver estimates there are 2.2 million Affiliates located around the world. Movants believe that there are in excess of 230,000 Affiliates located in the United States alone.

3. On August 17, 2012, the Court issued an Agreed Order Appointing Temporary Receiver ("Agreed Order") [Doc. 4] and on August 30, 2012 the Court issued an Order Granting in Part and Denying in Part the Receiver's Motion to Amend ("Amended Order") [Doc. 21]. Pursuant to these Orders the Receiver has been marshaling and liquidating various assets and taking actions which impact the rights of many of the Affiliates. For example, the Receiver has deposited numerous (he estimates 60,000) checks and other financial investments received by the receivership defendant prior to these proceedings but which had not yet been deposited at that time.

4. The Court has recently Ordered [Doc. 69] that the Receiver has until December 17, 2012 to file his Final Liquidation Plan. As currently structured, the Affiliates will not have

2
Case 3:12-cv-00519-GCM   Document 78   Filed 11/30/12   Page 2 of 12

any right to be heard on that matter although it is likely to impact, if not determine, their rights on a final basis.

5. The Receiver has also recently sent approximately 1200 subpoenas to various Affiliates demanding production of documents and payment of funds. Several hundred of the recipients have retained the undersigned counsel on a limited basis to submit an objection to the subpoena to the Receiver. If no agreement regarding the subpoenas can be reached with the Receiver, it is likely that those Affiliates who can afford to do so will have to retain counsel to represent their interests in defense of likely motions to compel by the Receiver.

### III.
### ARGUMENT AND AUTHORITIES

6. Virtually all of the actions being taken in these proceedings impact the lives of the Affiliates in a very real way. For example, the Receiver has requested that at least 1200 affiliates pay to the Receiver funds they received in excess of funds they paid for monthly fees and bids. In some instances, with respect to particularly hard working Affiliates, the amounts the Receiver has demanded are in the hundreds of thousands of dollars. Each of the Movants and most of the Affiliates believed (and still believe) that Rex Venture Group, ZeekRewards and Zeekler.com were legitimate businesses. Each of the Movants and most of the US Affiliates paid taxes on their earnings and considered Zeekler.com and Zeek Rewards to be their jobs. The Receiver's demand for payment of money by the Affiliates has caused many Affiliates extreme duress because they are worried about losing their homes, feeding their families (since they have lost their source of income) and are concerned about how they can pay money to the Receiver they have spent and paid taxes on. These people deserve a voice before the Court.

7.      For many of the Affiliates, the ZeekRewards program was their livelihood and full time job.  One or more of the Movants are in regular contact with thousands of Affiliates around the world.  The message is the same – they feel that their rights are being ignored, they have no way to present anything to the Court and none of them considered themselves investors or victims prior to these proceedings.  All of them want some way to at least be heard as a group with respect to important matters which affect their rights.

8.      None of the current parties in this case is in a position to represent or otherwise present the views of the Affiliates to the Court.  The SEC firmly believes in the content of its Complaint and cannot be expected to present any counter views to what they contend.  The Defendants have already entered into a Consent Decree and, likewise, cannot be expected to present the views of the Affiliates to the Court.  The Receiver is the one taking the actions which the Affiliates, in some instances, oppose and cannot be expected to present the views of the Affiliates to the Court.  The Affiliates need their own representative.

9.      Intervention as a party is not an option in proceedings such as this.  *See*, 15 U.S.C. §78u.  Even were the SEC to consent to intervention, such an approach is neither practical nor desirable.  Surely this Court does not want 2.2 million people trying to intervene in this case.

10.     However, in large cases of this type, despite the prohibition against intervention, it is very common for the Court to appoint a person to act as a spokesperson for the "investors" or victims.  Typically, the representative is called an Examiner.  Courts overseeing cases like this have used an Examiner to act as the single point of contact to canvass the victims and present their collective sentiments or competing positions to the Court, the Receiver, and the SEC.  *See, e.g., SEC v. Stanford Int'l Bank, Ltd.*, No. 3:09-CV-298-N, --- WL --- [Doc. 322] (N.D. Tex. Apr. 20, 2009); *SEC v. ABC Viaticals, Inc.*, No. 3:06-CV-2136-P, --- WL --- [Doc. 12] (N.D.

Tex. Nov. 30, 2006). The Examiner's role is to monitor the case, establish a mechanism (usually through a website) to communicate effectively with the "investors" and present the Court with the perspective of the "investors" as to matters in which they have an interest. When appointed, the Examiner is compensated out of the receivership estate through the filing of periodic fee applications. In that respect, the cost of participation in the proceedings is shared by all, not just a few, and thousands of people are given a voice in the proceedings through one person. The Court's power to appoint an Examiner arises from its "broad powers and wide discretion" to determine appropriate relief in an equity receivership. *See SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005).

11. The concept of a court appointed representative is expressly recognized by statute in the bankruptcy courts.[1] In such cases, the unsecured creditor's committee functions like an Examiner. Neither the committee nor the Examiner represent the interests of any one creditor but rather are in place to represent their collective interests. Movants submit that is exactly what is needed here.

12. For instance, in this case an Examiner could be used to present the position of the Affiliates to the Court regarding the outstanding subpoenas from the Receiver and help fashion an order which would be acceptable to the Affiliates.

13. Accordingly, the Movants request that the Court appoint Michael Quilling as an Examiner in these proceedings to represent the collective interests of the Affiliates and all creditors of the receivership estate and that the Examiner and his counsel be compensated out of the receivership estate. Mr. Quilling is an AV rated lawyer who has been practicing for 30 plus

---

[1] *See*, 11 U.S.C. §705. Courts overseeing equitable receiverships often refer to bankruptcy rules for guidance. *See Fid. Bank, Nat'l Ass'n v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir. 1996) (*citing Unisys Fin. Corp. v. Resolution Trust Corp.*, 979 F.2d 609, 611 (7th Cir.1992)).

5

years. He has served as a receiver throughout the United States (including this District) and Canada and has frequently worked with examiners in his and other cases. A copy of his Curriculum Vitae is attached as Exhibit 1.

For the foregoing reasons, the Movants request that the Court enter an Order appointing Michael J. Quilling as Examiner and for such other and further relief, general or special, at law or in equity, to which they may otherwise be entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.


/s/ Michael J. Quilling
Texas Bar No. 16432300, *pro hac vice*

2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
E-mail: mquilling@qslwm.com

and

ALEXANDER RICKS PLLC

Rodney E. Alexander
N.C. Bar No. 23615

2901 Coltsgate Rd., Suite 202
Charlotte, NC 28211
Telephone: (704) 365-3656
Facsimile: (704) 365-3676
E-mail: rodney@alexanderricks.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will electronically serve the referenced document on the parties' counsel who are registered CM/ECF users, including:

| | |
|---|---|
| John J. Bowers<br>Securities & Exchange Commission<br>100 F Street, NE<br>Washington, DC 20815<br>202-551-4645<br>Fax: (703) 813-9359 | LEAD ATTORNEY FOR THE SECURITIES AND EXCHANGE COMMISSION |
| Noell P. Tin<br>Jacob H. Sussman<br>C. Melissa Owen<br>Sarah Elizabeth Bennett<br>Tin, Fulton, Walker & Owen<br>301 East Park Avenue<br>Charlotte, NC 28203<br>704-338-1220<br>Fax: 704-338-1312 | ATTORNEYS FOR REX VENTURE GROUP LLC AND PAUL R. BURKS |
| Jeremy Drew Freeman<br>McGuireWoods LLP<br>1345 Avenue of the Americas, 7th Floor<br>New York, NY 10105-0106<br>212-548-7008<br>Fax: 212-715-6269 | |
| Kenneth D. Bell<br>Irving M. Brenner<br>Jennifer L. King<br>McGuireWoods LLP<br>Fifth Third Center<br>201 North Tryon Street<br>Suite 3000<br>Charlotte, NC 28202-4011<br>704-373-4620<br>Fax: 704-373-8836 | RECEIVER FOR REX VENTURES GROUP, LLC |

/s/ Rodney E. Alexander
Rodney E. Alexander

# EXHIBIT 1

# MICHAEL J. QUILLING

**EMAIL:** mquilling@qslwm.com
**RECEIVERSHIP WEBSITE:** www.secreceiver.com

| | |
|---|---|
| **Education** | University of Georgia School of Law (J.D. 1982) |
| | University of Georgia (B.A. 1979) |
| | |
| **Courts of Practice** | All Texas State Courts (1982) |
| | |
| | U. S. Federal District Courts |
| |     Northern District of Texas (1983) |
| |     Southern District of Texas (1993) |
| |     Eastern District of Texas (1985) |
| |     Western District of Texas (1984) |
| |     Western District of Michigan (2000) |
| | |
| | U. S. Federal Appellate Courts |
| |     Fifth Circuit Court of Appeals (1984) |
| |     Seventh Court of Appeals (2002) |
| |     Ninth Circuit Court of Appeals (1990) |
| |     Eleventh Circuit Court of Appeals (1989) |
| | |
| | U.S. Supreme Court (2000) |
| | |
| **Specializations** | Texas Board of Legal Specialization |
| |     Civil Trial Law (1991) |
| |     Business Bankruptcy Law (1991) |
| | |
| **Professional** | Best Business Lawyers in Dallas 2009 and 2011, D Magazine |
| | Texas Super Lawyer, 2003-2012 |
| | Founding member and director, National Association of Federal Equity Receivers |
| | Fellow, Dallas Bar Foundation |
| | Frequent speaker at SEC enforcement conferences |

**Current SEC Receivership Cases**

*Securities and Exchange Commission v. ABC Viaticals, Inc., C. Keith LaMonda, and Jesse W. LaMonda, Defendants and LaMonda Management Family Limited Partnership, Structured Life Settlements, Inc., Blue Water Trust and Destiny Trust, Relief Defendants*; Civil Action No. 3:06-CV-2136-P (N.D. Tex.) (approximately 4000 claimants and $120 million of investor funds)

*Securities and Exchange Commission v. Secure Investment Services, Inc., American Financial Services, Inc., Lyndon Group, Inc., Donald F. Neuhaus, and Kimberly A. Snowden*, Civil Action No. 2:07-CV-01724 GEB CMK (E.D. Cal.) (approximately 600 claimants and $30 million of investor funds)

**Other Current Receivership Cases**

*Ann Nosratieh, as Executrix on behalf of the Estate of Robert Laird Lindsay, as Representative Plaintiff - and - Strategic Metals Corp. and Capital Alternatives Inc., Defendants*; (Court of the Queen's Bench of Alberta, Judicial District of Calgary)

**SIPC Trustee Cases**

*In Re: Northstar Securities, Inc.;* Adv. No. 01-37722-HCA (N.D. Tex.) (approximately 350 claimants)

**Counsel to SBA as Receiver Cases**

*United States of America v. SBIC Partners II, L.P.* (Civil Action No. 4:05-CV-192-Y) (N.D. Tex.)

*United States of America v. Trinity SBIC, L.P.* (Civil Action No. 4:04-CV-594-A) (N.D. Tex.)

*In Re: Gulf Coast Holdings, Inc., d/b/a Unidynamics, Inc., Debtor* (Civil Action No. 06-31695-BJH) (USBC N.D. Tex.)

**Selected Closed Receivership Cases**

*Securities and Exchange Commission v. Cornerstone Prodigy Group, et al.;* Civil Action No. 4:99-CV-0978-Y (N.D. Tex) (approximately 3500 claimants)

*Lexford Properties Management, LLC v. Brentwood-Lexford Partners, LLC, et al.;* Cause No. 00-3198 (191st J.D. Dallas Cty, Tex.)

*Securities and Exchange Commission v. Lennox Investment Group, Ltd., et al.;* Civil Action No. 4:98-CV-536-Y (N.D. Tex.) (approximately 50 claimants)

*United States of America v. James A. Sharpe, et al.;* Case No. 3:03-CR-128-RV (N.D. Fl.)

*Securities and Exchange Commission v. Funding Resource Group, et al.;* Civil Action No. 3:98-CV-2689-M (N.D. Tex.) (approximately 2000 claimants)

*Securities and Exchange Commission v. Cash Link Systems, Inc, et al.,* Cause No3-04CV-1573L (N.D. Tex.) (approximately 700 claimants)

*In Re All Funds on Deposit in Account Number 000669829075 in The Bank of MM ACMC Banque de Commerce, Inc. at NationsBank, N.A. Consisting of $18,756,420.97, More or Less;* Cause No. 3:98- MC-96-McK (W.D. N.C.) (approximately 1000 claimants)

*Securities and Exchange Commission v. Frederick J. Gilliland, Defendant and MM ACMC Banque de Commerce, Inc., Relief Defendant;* Civil Action No. 3:02-CV-128-McK (W.D. N.C.) (approximately 1000 claimants)

*Michael J. Quilling, Receiver for the Estate of Frederick J. Gilliland v. Frederick J. Gilliland, et al.;* Cause No. S034144 (Sup. Ct. of British Columbia)

*Banc One Leasing Corporation v. Optovision Technologies, Inc., et al.;* Cause No. 02-6667 (A-14th J.D. Dallas Cty, Tex.)

*Securities and Exchange Commission v. Megafund Corporation, Stanley A. Leitner, Sardaukar Holdings, IBC, Bradley C. Stark, CIG, Ltd., James A. Rumpf, Individually and d/b/a CILAK International, and Pamela C. Stark, Relief Defendant;* Civil Action No. 3:05-CV-1328-L (N.D. Tex.) (approximately 400 claimants and $25 million of investor funds)

*Michael J. Quilling, Receiver for Courtney Wallis Simpson, York Region Realty, Inc., Wallis Simpson & Associates and Cameo Investments;* Court File No. 05-CL-6159 (Ontario Superior Court of Justice) (approximately 100 claimants)

*Transamerica Life Insurance Company, Plaintiff v. Jefferson Estates at Bellaire, L.P., NRFC WA Holdings, LLC, and Wachovia Bank, National Association, Defendants* (Cause No. 09-07462) (101st District Court, Dallas County, Texas)

*Transamerica Life Insurance Company, Plaintiff v. Jefferson at Falcon Ridge, L.P., NRFC WA Holdings, LLC, and Wachovia Bank, National Association, Defendants* (Cause No. 09-07464) (101st District, Dallas County, Texas)

*Monumental Life Insurance Company, Plaintiff v. Jefferson West, L.P. and NRFC WA Holdings, LLC, Defendants* (Cause No. 09-07466) (68th District Court, Dallas County, Texas)

*First State Bank, Mesquite, Plaintiff v. David Scott Bailey, Defendant;* (Civil Action No. 08-05379-J) (191st District Court, Dallas County, Texas)

*John W. Costello, not individually, but as Litigation Trustee under the Comdisco Litigation Trust, Plaintiff v. John A. Blair, Defendant* (Civil Action No. 141-234178-08) (141st District Court, Tarrant County, Texas)

*Securities and Exchange Commission v. Larry Tyler and Advanced Financial Services, Inc., et al.;* Civil Action No. 3:03-CV-0282-F (N.D. Tex.) (approximately 450 claimants and $29 million of investor funds)

*Michael J. Quilling, Receiver for Advanced Financial Services, Inc. v. Trade Partners, Inc., et al.;* Civil Action No. 1:03-CV-0236 (W.D. Mich.) (approximately 7000 claimants)

*U.S. v. Dale L. Graybill;* Criminal No. 3:05-CR-00152 (D. Conn.) (approximately 500 claimants)

*Bidco I, LLC v. Fairways at La Reunion, LLC*; Cause No. DC-12-07140 (Dallas County, Texas) (receiver for 178 unit senior citizen apartment complex)