IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM and PAUL BURKS,<br><br>    Defendants. | Civil Action No. 3:12cv519 |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon the request of the Receiver appointed in this action to facilitate the performance of his duties, the Court, with the consent of the other parties to this action, hereby orders that the following procedures are to be employed to protect against disclosure or any improper use of confidential information produced to the Receiver in this action or any subsequent or related action involving the Receiver:

1. **Definition of Confidential Information**. "Confidential Information," which may be designated as provided in Section 5 below, is any type of information which is protectable under Fed. R. Civ. P. 26(c), including but not limited to any personal identifying information, personal financial records, and usernames and/or passwords. However, the Receiver is entitled to generally use (without the necessity of filing under seal) the name of a person or entity who becomes a party to a Zeek Action in the pleadings or other papers related to that action.

2. **Definition of The "Zeek Actions"**. "The Zeek Actions" refers to this action, *Securities and Exchange Commission v. Rex Venture Group, LLC d/b/a ZeekRewards.com and Paul Burks*, 3:12cv519 (W.D.N.C. 2012) and all other actions in which the Receiver appointed in this action shall be involved, including, but not limited to, actions to recover assets or assert claims for the Receivership Estate.

3. **Use Limitations**. All designated Confidential Information produced to the Receiver shall be used only in the course of the Receiver's duties under the Agreed Order. Confidential Information shall not be given, shown, or made available or communicated in any way to anyone except persons specified in Section 6 below to whom it is permitted that such Confidential Information be given or shown for the purposes permitted under this Order.

4. **Confidential Information Produced by Third Parties**. This Order shall apply to any individual or entity producing or disclosing Confidential Information in a Zeek Action. Accordingly, as used herein, the terms "person" and "party" may include third parties who have agreed to or been ordered to be bound by this Order. When, in the course of a Zeek Action, information is sought from a third party which would require such person to disclose and/or produce Confidential Information, such third party shall automatically be afforded the protections of this Order and be bound by it by designating documents as "Confidential" in accordance with the terms hereof. No further order of this Court shall be necessary to extend the protections of this Order to third parties.

5. **Designation of Confidential Information**. Any person who produces, gives, or files Confidential Information may designate information as Confidential Information if such person reasonably believes that it meets the definition stated in Section 1.

5.1 **Designation of Documents and Things**. Documents or any portions thereof may be designated as Confidential Information by stamping "Confidential" on each page containing Confidential Information (along with some designation on the first page of the document if it is otherwise not designated) or, in the case of other tangible items, by notifying the other party in writing. Electronic files may be designated either page by page or by file or storage device (for example CD) so long as the designation is clear. Such designation and marking shall be made at the time when a copy of the document is provided to another party.

5.2 **Designation of Deposition Testimony**. In the case of deposition transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained pursuant

to this Order and their designation within thirty (30) calendar days of the date of the mailing or other delivery (*e.g.*email or other electronic delivery), of the deposition transcript. Pending notification from opposing counsel during the thirty (30) calendar day period, all deposition transcript pages shall be treated as "Confidential" as that designation is defined in this Order. Deposition testimony may also be designated, in whole or in part, as "Confidential" by oral designation on the record. Unless identified and designated in accordance with this section or by other stipulation or Order, the designation is waived unless corrected as provided in paragraphs 5.3 and 5.4.

       5.3    **<u>Inadvertent or Unintentional Disclosure</u>**. If a party produces documents or offers deposition testimony containing Confidential Information without designating them pursuant to this Order, but later determines that the materials should have been designated under this Order, the disclosure shall be treated as an inadvertent or unintentional disclosure and the procedures in Section 5.4 of this Order for curing this inadvertent or unintentional disclosure shall apply.

       5.4    **<u>Subsequent Designations</u>**. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was designated as Confidential Information at the time of disclosure, shall not be deemed a waiver in whole or in part of the producing party's claim to protection under Fed. R. Civ. P. 26(c). Upon learning of an inadvertent or unintended disclosure, counsel for the parties shall, to the extent possible, cooperate to restore the confidentiality of the designated information to the extent reasonably possible. Upon receipt of written notification and identification of such inadvertent or unintended disclosure the receiving party shall either designate the materials as "Confidential" or return them to the producing party for such designation.

       5.5    **<u>Unauthorized Disclosures</u>**. In addition to any other sanction imposed by this Order, should any information designated as "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive same under this Order, then the disclosing party shall use its best efforts to bind such unauthorized person to the terms of this Order. Specifically,

the disclosing party shall (a) promptly inform such unauthorized person of all the provisions of this Order, (b) identify such unauthorized person immediately to the producing party and (c) request such unauthorized person to sign the *Agreement to be Bound by Protective Order* set forth at the end of the present Order. The executed agreement shall promptly be served by overnight mail upon the producing party. If the receiving party refuses to sign the *Agreement to be Bound by Protective Order*, then the party who provided the information to the unauthorized person must make reasonable efforts to ensure that the unauthorized recipient returns all confidential information and destroys all copies thereof and must inform the original provider of the confidential information of the steps taken to retrieve the confidential information.

6. **Persons to Whom Confidential Information May be Disclosed**.

6.1 "Qualified Persons." Except as otherwise provided by this Protective Order, information designated as "Confidential" shall be disclosed only to "Qualified Persons" as defined in paragraphs 6.1 through 6.5. Each Qualified Person shall maintain Confidential Information in confidence and shall not reveal any such information to any person who is not a Qualified Person without prior written consent of the person claiming the protection of this Order or an order by the Court authorizing such disclosure. Qualified Persons are:

6.1.1 Outside counsel retained in this Action, attorneys practicing in the same law firms as such attorneys, staff and supporting personnel of such attorneys, and outside document-handling providers such as copy centers, imaging or coding services, interpreters or translators retained by counsel as reasonably necessary to assist such counsel in the conduct of this Action.

6.1.2 Outside experts (who are not regularly employed by a party hereto), graphics, design, jury, trial or other litigation consultants, and mock jurors retained by counsel in this Action or by a party; provided, however, that before such access is given, such individuals have agreed in writing to be bound by the terms of this Order by executing the *Agreement to be Bound by Protective Order* set forth at the end of the present Order.

6.1.3 The Court, Court personnel and jurors;

6.1.4    Witnesses at deposition or trial qualified under Sections 7.2.1 and 7.2.2; and

6.1.5    Court reporters and videographers employed in connection with this action.

6.2    **Limited Exceptions**:

6.2.1    **Authors/Addressees**.  This Order shall not apply to the disclosure of non-modified documents originating with a person other than the person claiming confidentiality when such person was the author or addressee of the document or who is shown as having received a copy of the document, unless such person also claims the document is confidential.

6.2.3    **Certain Information Not Subject to Scope of Order**.  The restrictions of this Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Order, or (b) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party, or (c) the receiving party can establish was in its rightful and lawful possession at the time of disclosure or was developed independently by the receiving party without the use of Confidential Information.

6.2.4    **Exceptions by Court Order or by Agreement by Parties**.  Nothing shall prevent disclosure beyond the terms of this Order if the party that designated the materials as containing Confidential Information consents in writing to such disclosure.

6.3    **Exclusion from Deposition**.  Counsel for the producing party shall have the right to exclude from oral deposition any person, other than the deponent, deponent's counsel and the reporter or videographer, who is not authorized by this Order to receive materials or information designated as "Confidential," but such right of exclusion shall be applicable only during periods of examination directed to or comprising such designated information.  The failure of such other persons to comply with a request of exclusion shall constitute substantial justification for counsel to instruct the witness not to answer the question.

6.4    **Securities and Exchange Commission**. Confidential Material may be provided to the Securities and Exchange Commission ("SEC") and may be used by the SEC for any of the "Routine Uses of Information" identified in SEC Form 1662 ("Supplemental Information for

Persons Requested to Supply Information Voluntarily Or Directed to Supply Information Pursuant to a Commission Subpoena"), a copy of which is attached hereto as Exhibit B.

7. **Court Filings Involving Confidential Information**. Applications, motions, and other papers filed with the Court in which a party submits non-redacted Confidential Information, shall be filed as sealed electronically, or if in hard copy, filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed with the title and file number of this action, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL" and a statement substantially in the following form:

**This envelope is sealed pursuant to order of the Court,
contains Confidential Information, and is not to be opened or
the contents revealed except by authorized Court personnel.**

Any document or transcript designated as "Confidential" which is lodged or filed with the Court shall be maintained under seal by the Clerk and shall be made available only to the Court and to counsel for the parties, until further order of this Court.

8. **Resolution of Disputes**. A party shall not be obligated to challenge the propriety of a designation under this Order at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event of disagreement over the propriety of a designation, the parties shall first attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the propriety of a designation made under this Order may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving same. Until the Court enters an Order changing the designation of the document or transcript which is to be the subject of the application, it shall be treated as Confidential Information under this Order.

9. **Inadvertent Disclosure of Privileged Information**. All information and/or documents that are inadvertently produced in connection with discovery proceedings in this action, which but for such inadvertent production would otherwise have been entitled to be protected from discovery by any privilege, exemption or immunity, shall continue to be protected by such

privilege, exemption or immunity, subject to specific objections to the contrary that may be filed by any party, and such inadvertent production shall not be deemed to be a waiver of any such privilege, exemption or immunity. Promptly after discovering any inadvertently produced information and/or documents, the disclosing party shall provide to the other parties written notification identifying the document that has been inadvertently produced and stating the privilege, exemption or immunity under which the document is allegedly protected. Upon receipt of written such notification from the disclosing party, the other party shall, within three (3) business days, return each inadvertently produced document to the disclosing party and any and all copies of such document that were made or cease use of the document and immediately seek a ruling from the Court on the propriety of the claim of privilege, exemption or immunity.

10. **Disposition of Confidential Information Following Conclusion of Action**. The disposition of all designated Confidential Information is subject to the direction of the Court. Unless ordered otherwise, at the conclusion of the Zeek Actions, all documents or transcripts designated "Confidential" and any copies thereof, shall, at the Receiver's election, either be destroyed or returned to the party or person producing same.

SO ORDERED:

Signed: January 22, 2013

Graham C. Mullen
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>REX VENTURE GROUP, LLC d/b/a )<br>ZEEKREWARDS.COM and PAUL )<br>BURKS, )<br>)<br>Defendants. )<br>) | Civil Action No. 3:12cv519 |

## AGREEEMNT TO BE BOUND BY PROTECTIVE ORDER

I, _____ states as follows:

1. My present employer is _____, and the address of my present employer is _____. My present occupation is _____.

2. I have read and understand the foregoing Protective Order. I agree to comply with and be bound by the provisions of the Protective Order, and I further agree to subject myself to the personal jurisdiction of this Court with respect to enforcement of the provisions of the foregoing Protective Order.

3. I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for purposes of this litigation, any Confidential Information as defined by the Protective Order, except as provided therein.

4. I understand that disclosure of confidential information in violation of the protective order may constitute contempt of court and subject to sanctions or other remedies.

_____
[Signature of individual to whom disclosure will be made]

1662 (09-11)

# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

## Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena

**A. False Statements and Documents**

Section 1001 of Title 18 of the United States Code provides as follows:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years, or both.

**B. Testimony**

If your testimony is taken, you should be aware of the following:

1. *Record*. Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's, direction.

2. *Counsel*. You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

If you are not accompanied by counsel, please advise the Commission employee taking your testimony if, during the testimony, you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned once to afford you the opportunity to arrange to be so accompanied, represented or advised.

You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3. *Transcript Availability*. Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states: A person who has submitted documentary evidence or testimony in a formal investigative

proceeding
shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however*, That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4. *Perjury*. Section 1621 of Title 18 of the United States Code provides as follows:

> Whoever . . . having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly . . . willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true . . . is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years or both . . . .

5. *Fifth Amendment and Voluntary Testimony*. Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the

United States, to give any information that may tend to incriminate you.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6. *Formal Order Availability*. If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

**C. Submissions and Settlements**

> Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c),
>
> states: Persons who become involved in . . . investigations may, on their own initiative, submit a
>
> written
> statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation. Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding. Submissions by interested persons should be forwarded to the appropriate Division Director or Regional Director with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

> In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner. It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto. Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

**D. Freedom of Information Act**

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received. If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self addressed envelope.

**E. Authority for Solicitation of Information**

*Persons Directed to Supply Information Pursuant to Subpoena*. The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily*. One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment

2

Company Act of 1940; Section 209 of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

**F. Effect of Not Supplying Information**

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, if the subpoena was issued pursuant to the Securities Exchange Act of 1934, the Investment Company Act of 1940, and/or the Investment Advisers Act of 1940, and if you, without just cause, fail or refuse to attend and testify, or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena, you may be found guilty of a misdemeanor and fined not more than $1,000 or imprisoned for a term of not more than one year, or both.

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

**G. Principal Uses of Information**

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

**H. Routine Uses of Information**

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1. To appropriate agencies, entities, and persons when (a) it is suspected or confirmed that the security or confidentiality of information in the system of records has been compromised; (b) the SEC has determined that, as a result of the suspected or confirmed compromise, there is a risk of harm to economic or property interests, identity theft or fraud, or harm to the security or integrity of this system or other systems or programs (whether maintained by the SEC or another agency or entity) that rely upon the compromised information; and (c) the disclosure made to such agencies, entities, and persons is reasonably necessary to assist in connection with the SEC's efforts to respond to the suspected or confirmed compromise and prevent, minimize, or remedy such harm.

2. To other federal, state, local, or foreign law enforcement agencies; securities self-regulatory organizations; and foreign financial regulatory authorities to assist in or coordinate regulatory or law enforcement activities with the SEC.

3. To national securities exchanges and national securities associations that are registered with the SEC, the Municipal Securities Rulemaking Board; the Securities Investor Protection Corporation; the Public Company Accounting Oversight Board; the federal banking authorities, including, but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation; state securities regulatory agencies or organizations; or regulatory authorities of a foreign government in connection with their regulatory or enforcement responsibilities.

4. By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the federal securities laws.

5. In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

6. In connection with proceedings by the Commission pursuant to Rule 102(e) of its Rules of Practice, 17 CFR 201.102(e).

7.  To a bar association, state accountancy board, or other federal, state, local, or foreign licensing or oversight authority; or professional association or self-regulatory authority to the extent that it performs similar functions (including the Public Company Accounting Oversight Board) for investigations or possible disciplinary action.

8.  To a federal, state, local, tribal, foreign, or international agency, if necessary to obtain information relevant to the SEC's decision concerning the hiring or retention of an employee; the issuance of a security clearance; the letting of a contract; or the issuance of a license, grant, or other benefit.

9.  To a federal, state, local, tribal, foreign, or international agency in response to its request for information concerning the hiring or retention of an employee; the issuance of a security clearance; the reporting of an investigation of an employee; the letting of a contract; or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

10.  To produce summary descriptive statistics and analytical studies, as a data source for management information, in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies; may also be used to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act.

11.  To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction, or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)) or pursuant to the Commission's Rules of Practice, 17 CFR 201.100 – 900 or the Commission's Rules of Fair Fund and Disgorgement Plans, 17 CFR 201.1100-1106, or otherwise, where such trustee, receiver, master, special counsel, or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice or the Rules of Fair Fund and Disgorgement Plans.

12.  To any persons during the course of any inquiry, examination, or investigation conducted by the SEC's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

13.  To interns, grantees, experts, contractors, and others who have been engaged by the Commission to assist in the performance of a service related to this system of records and who need access to the records for the purpose of assisting the Commission in the efficient administration of its programs, including by performing clerical, stenographic, or data analysis functions, or by reproduction of records by electronic or other means. Recipients of these records shall be required to comply with the requirements of the Privacy Act of 1974, as amended, 5 U.S.C. 552a.

14.  In reports published by the Commission pursuant to authority granted in the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), which authority shall include, but not be limited to, section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(a)).

15.  To members of advisory committees that are created by the Commission or by Congress to render advice and recommendations to the Commission or to Congress, to be used solely in connection with their official designated functions.

16.  To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 to 200.735-18, and who assists in the investigation by the Commission of possible violations of the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), in the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

17.  To a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

18.  To members of Congress, the press, and the public in response to inquiries relating to particular Registrants and their activities, and other matters under the Commission's jurisdiction.

19.  To prepare and publish information relating to violations of the federal securities laws as provided in 15 U.S.C. 78c(a)(47)), as amended.

20.  To respond to subpoenas in any litigation or other proceeding.

5

21.  To a trustee in bankruptcy.

22.  To any governmental agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, federal salary offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

* * * *

*

*Small Business Owners*: The SEC always welcomes comments on how it can better assist small businesses. If you have comments about the SEC's enforcement of the securities laws, please contact the Office of Chief Counsel in the SEC's Division of Enforcement at 202-551-4933 or the SEC's Small Business Ombudsman at 202-551-3460.  If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman at http://www.sba.gov/ombudsman or toll free at 888-REG-FAIR.  The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.