IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC
MAY 08 2013
US District Court
Western District of NC

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS,<br><br>Defendants, | No. 3:12-CV-519 |

## ORDER APPROVING (I) CLAIMS PROCESS, (II) SETTING OF BAR DATE, AND (III) APPROVING NOTICE PROCEDURES

Upon the motion (the "Motion")[1] of Kenneth D. Bell, Esq., the Court-appointed Temporary Receiver (the "Receiver") for and over the estate of Rex Venture Group, LLC d/b/a ZeekRewards.com, any of its subsidiaries, whether incorporated or unincorporated, and any businesses or business names under which it does business (the "Receivership Defendant") for entry of an order (this "Order") that (1) establishes the claims process that provides for the procedures and manner of filing, determining, and adjudicating claims against the Receivership Defendant (the "Claims Process"); (2) establishes the date by which claims against Receivership Defendant are required to be filed (the "Bar Date"); and (3) approves the manner of notice for the Claims Process (the "Notice Procedures"); and the Court having found that the relief requested in the Motion is in the best interests of the Receivership Defendant's estate, its

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

creditors, and other parties in interest; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted.

**I. Parties Required to File Claims.**

2. All persons or entities holding claims against the Receivership Defendant are required to file Claims on or before the Bar Date.

**II. The Bar Date.**

3. Each person or entity that asserts a claim against the Receivership Defendant shall be required to file an original claim (a "Claims Submission Form") using the Receiver's electronic claim submission website (the "Claim Portal"), substantially in the form attached hereto as **Exhibit A**. <u>All Claims Submission Forms must be filed so that they are actually received by 11:59 p.m. (prevailing Eastern time) on the first business day that is 120 calendar days after the date of the entry of this Order</u> (the "Bar Date"). The Claims Submission Form must be completed and submitted on the Receiver's Claim Portal, which is found at www.zeekrewardsreceivership.com, unless the Claimant has express, written permission from the Receiver, referencing this Order, to submit their Claim using an alternative method.

**III. Disallowance of Untimely or Otherwise Improper Claims.**

4. All Claims must be filed so as to be <u>actually received</u> by the Receiver Team on or before the Bar Date. The holders of any claims not submitted by the Bar Date are barred from asserting such claims against the Receivership Defendant and/or receiving distributions from the Receivership Defendant on account of such claims.

5. Any Claim allegedly submitted to the Receiver prior to the deployment of the Receiver's Claim Portal is Disallowed.

6. Any Claim submitted after the Bar Date is Disallowed.

7. Any Claim allegedly submitted by e-mail, U.S. mail, or any other informal mechanism to the Receiver that is not submitted using the Receiver's Claim Portal is Disallowed, unless the Claimant has express, written permission from the Receiver, referencing this Order, to submit their Claim using an alternative method.

## IV. Procedures for Providing Notice of the Bar Date.

8. The Notice Procedures set out in the Motion are Approved.

9. Within fourteen days after the Court enters this Order, the Receiver shall apprise any and all interested parties of the pendency of the Bar Date and the Claim Process as follows:

   a. the online Claims Process will be made publically available on the Receiver's Claim Portal which is found at www.zeekrewardsreceivership.com;

   b. the Receiver will provide the Notice attached hereto as **Exhibit B** (the "Notice") via email to all known Affiliates (Affiliate email addresses are obtained from RVG records and the email addresses provided to the Receiver via the Receivership website at info@zeekrewardsreceivership.com);

   c. the Receiver will provide the Notice via U.S. Mail to trade creditors, other known, non-Affiliate creditors, and insured depository institutions; and

   d. the Receiver will publish the Notice on certain multilevel marketing industry websites, the USA Today National Edition, the Wall Street Journal, the Charlotte Observer, and the Lexington Dispatch, and by sending the Notice to certain trade groups in the financial industry.

10. If the Receiver receives a return e-mail demonstrating that the e-mail address previously provided to the Receivership Defendant is no longer valid, the Receiver will attempt to serve the Notice by an alternative method (either by an alternative e-mail address provided when the original e-mail is returned or by providing a postcard to the last known address of the

Claimant, if known, informing the Claimant of the Claims Process and where they can obtain information on filing a claim).

### V. Requirements for Filing a Claim.

11. The Receiver's online Claims Submission Form for use on the Claim Portal is Approved in substantially the form attached hereto as **Exhibit A.** The Receiver's Claim Portal should be deployed within 14 days of the entry of this Order and will be found at www.zeekrewardsreceivership.com.

12. All claims must be submitted electronically using the Receiver's Claims Submission Form on the Claim Portal, except in the rare instance where the Claimant can establish cause, in the Receiver's sole discretion, to permit that entity to submit their claim using an alternative method. No claim submitted using a method other than the Receiver's Claim Portal will be allowed unless the Claimant has express, written permission from the Receiver, referencing this Order, to submit their Claim using an alternative method.

13. "Retail Profit Points" accumulated by Affiliates through ZeekRewards cannot serve as the basis for any claim, and the Receiver should not consider "Retail Profit Points" when determining claims or making distributions.

### VI. Collection of Data from Claimants.

14. The Receiver is authorized to collect data from each Claimant as part of the Claims Process so that the Receiver may make a determination of the claims.

### VII. Reconciliation.

15. The reconciliation procedures set out in the Motion are Approved.

16. During reconciliation, the Receiver will establish the amount of a Claimant's claim against the Receivership Defendant that the Receiver believes is legitimate. In this

4

process, the Receiver will also determine the amount of cash the Claimant received from the Receivership Defendant.

17. During reconciliation, the Receiver will also determine which ZeekRewards usernames it considers to be associated with an individual person or entity, and, if there are multiple usernames and related claims associated with a Claimant, the Receiver may aggregate those claims by individual or entity.

## VIII. Claims Determination Process.

18. The Receiver's proposed Claim Determination Process and the Notice of Receiver's Determination of Claim (the "Claim Determination"), substantially in the form attached hereto as **Exhibit C**, are Approved.

19. The Claim Determination will state whether the claim has been allowed or disallowed by the Receiver, and it will also provide how a party may object to the Claim Determination. The Claim Determination will reflect the aggregate amounts invested in and received from the Receivership Defendant across any and all ZeekRewards usernames associated with an individual Claimant.

20. The Receiver is authorized to distribute the Claim Determination electronically, except those determinations sent to Claimants whom the Receiver permitted to submit their claim using an alternative method and to whom the Receiver has agreed to provide alternative notice.

21. A determination of the amount of a claim does not mean that the Claimant will receive a distribution equal to 100% of the amount of their determined claim. The distribution percentage (i.e., the percentage a Claimant can expect to recover on account of their allowed claim) will be established by a future Order of this Court.

22. Objections to the Claim Determination should be submitted to the Receiver electronically on or before 11:59p.m. (prevailing Eastern Time) on the date that is 30 days after the Claim Determination has been sent to such Claimant.

23. If an objection cannot be resolved between the Receiver and the Claimant, the Receiver is authorized to pursue a Court-approved process to be established by a future Order of this Court.

## IX. Release.

24. The Receiver is authorized to obtain the release attached hereto as **Exhibit D** (the "Release") from each Claimant who wishes to receive a distribution in this case.

25. If a Claimant fails to submit such a Release within 180 days of the date that the Claim Determination becomes final, such Claimant should be deemed to have forfeited their distribution and such funds should be returned to the pool of Assets to be distributed to other Claimants of the Receivership Defendant.

## X. Consequences of Failure to File a Claim.

26. Any individual or entity who is required, but fails, to file a Claim in accordance with this Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from (a) asserting such claim against the Receivership Defendant (or filing a Claim with respect thereto), and (b) participating in any distribution from the Receivership Defendant on account of such claim, or receiving further notices regarding such claim; and the Receivership Defendant and its property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such Claim.

## XI. Miscellaneous.

27. The Receiver shall retain the right to dispute, or assert offsets or defenses against, any filed claim as to the nature, amount, liability, or classification thereof. Nothing in this Order

is intended to preclude the Receiver from objecting to any claim on any grounds.

28. The Notice of Bar Date and Notice Procedures as set forth in this Order and in the Motion constitute adequate and sufficient notice of the Bar Date and satisfy the requirements of due process.

29. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

30. The Receiver is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: 8/MAY/13

GRAHAM C. MULLEN
SENIOR UNITED STATES DISTRICT JUDGE