IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV519

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

This matter is before the Court upon an "Emergency Motion for an Order Requiring Release of Third-Party Assets Frozen in Response to this Court's August 17, 2012 Order and Request for Evidentiary Hearing" filed by non-party movants David Sorrells, David Kettner and Mary Kettner ("Movants"). Both the Receiver and the SEC have filed a response in opposition to this motion. No Reply has been filed.

On August 17, 2012, the Court entered an Agreed Order Appointing Temporary Receiver and Freezing Assets, which Order was amended on August 30, 2012. ("Agreed Order" [Doc. 4].) Among other things, the Agreed Order required that "all Receivership Assets and Recoverable Assets are frozen until further order of this Court." Agreed Order, ¶3. The Agreed Order expressly applied to any person or entity with "direct or indirect control over any Receivership Assets and/or any Recoverable Assets," and it further specified that the freeze extends to all such assets on deposit with "online or internet-based payment processors." *Id.* The term "Receivership Assets" is defined in the Agreed Order as "all assets of the Receivership Defendant." The Agreed Order empowered the Receiver to take "custody, control and possession of all Receivership Property." *Id.* at ¶7(B). The

1

Receiver's powers include taking any action that, prior to entry of the Agreed Order, could have been taken by the Rex Venture Group's agents. *Id.* at ¶7(E).

Sometime between August 17, 2012 and August 20, 2012, the Receiver and/or the SEC delivered copies of the Agreed Order to several e-wallet companies, including NxSystems, Inc. ("NxPay®"), SolidTrustPay, and Payza/Alert Pay (the "E-wallet Companies") for the purpose of recovering Recoverable Assets, including assets belonging to Paul Burks and Rex Venture Group ("RVG"). These E-wallet companies were used by Defendants to handle collection from and distribution of funds to ZeekRewards' affiliate-investors.  Movants are each former affiliates of ZeekRewards.com and each an owner of an e-wallet account at NxPay® which has been frozen.   Movants contend that similar to funds in a normal bank account, any funds in their NxPay® accounts are owned by them and that the Receivership Defendant does not have an interest in the accounts and has no right to access the funds by charge-back or otherwise.

Each individual who signed up with NxPay® entered into a user agreement ("User Agreement") governing his or her relationship with NxPay®.  The User Agreement describes the nature of the services provided by NxPay® as follows: "The Services are issued by and **all funds are held by the Company for processing only. These are not bank held accounts.** You acknowledge and agree your balance is not a deposit, does not bear interest and is not insured by any government agency."  Moreover, when funds are being processed through NxPay®, the party paying the money can still control those funds.  The User Agreement states at Paragraph 5, "If your Card or Account is funded by a third party, you authorize us to reverse such payment upon request of the third party."

Kenneth Mitchell-Phillips, Sr., corporate counsel for NxSystems, Inc., filed an affidavit in which he explained funds processing at NxPay®:

> NxPay® is best understood as a platform for transferring funds. Until the receiving party takes action to withdraw the funds that are made available to him, the funds are within the control of the party transferring the funds and

the transfer of ownership is not complete. . . . In other words, it is as if the money is sitting on the counter of the company making the payment in a folder with a person's name on it waiting to be picked up. And, until the person picks up the money and takes it out of the building, the company can take the money out of the folder if it decides to do so.

(Aff. Of Mitchell-Phillips, ¶¶ 7-8).  Mr. Mitchell-Phillips stated that after NxPay® received the Court's Agreed Order, it complied with what it believed to be its obligation under the Agreed Order and froze every account associated with ZeekRewards until it could "determine for each personal account whether the money in the account was loaded by RVG (in which case the money should be returned to RVG) or by the account holder (in which case it was the account holders' money that could be transferred to their designated bank account)." *Id.* at  ¶ 9.  NxPay® began a lengthy process of reconciling each frozen account to determine what funds belonged to account holders and what funds belonged to RVG.  In a December 4, 2012 letter to Affiliate-Investors whose accounts had been frozen, NxPay® wrote: "Please keep in mind the following important points when your funds do become available.  First, *only the funds that you placed onto your NxPay® Account that were not subsequently used to purchase bids through ZeekRewards will be available*."

NxPay® ultimately spent months addressing each of approximately 150,000 Affiliate-Investor accounts to determine which funds "were money under Zeek control, and which funds were the account holders' money deposited by the account holders into the accounts."  *Id*. at ¶ 11.  Mr. Mitchell-Phillips states NxPay® has completed its review, and its payment processor currently holds between $4 million and $6 million that NxPay® believes are Receivership Assets.  *Id.* at ¶ 12.

Movants' argument that funds in their NxPay® accounts were like funds in normal bank accounts is belied by the plain language of the User Agreement.  The User Agreement establishes that RVG retained control over funds that it had placed in the Movants' accounts which were not withdrawn by Movants.  Accordingly, NxPay® properly froze the accounts and the funds determined to be RVG funds must be returned to the Receiver pursuant to the Agreed Order.

IT IS THEREFORE ORDERED that the "Emergency Motion for an Order Requiring Release of Third-Party Assets Frozen in Response to this Court's August 17, 2012 Order and Request for Evidentiary Hearing" filed by non-party movants is hereby DENIED, and the Court Orders the RVG funds being held by NxPay® to be turned over to the Receiver.

Signed: May 30, 2013

Graham C. Mullen
United States District Judge