IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

vs.

REX VENTURE GROUP, LLC
d/b/a ZEEKREWARDS.COM, and
PAUL BURKS,

    Defendants.

Civil Action No. 3:12 cv 519

# EXHIBIT 1

**EXHIBIT 1**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>REX VENTURE GROUP, LLC )<br>d/b/a ZEEKREWARDS.COM, and )<br>PAUL BURKS, )<br>)<br>Defendants, ) | No. 3:12-CV-519 |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is made and entered effective as of June ___, 2013 by and between KENNETH D. BELL, in his capacity as Temporary Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com (the "**Receiver**"), and _____, the settling party, ("**SP**"), who freely and voluntarily enters into this Agreement:

## RECITALS

**WHEREAS**, the Receiver, pursuant to his court-imposed duties in the civil litigation captioned *Securities and Exchange Commission v. Rex Venture Group, LLC d/b/a ZeekRewards.com and Paul Burks*, No. 3:12cv519 (W.D.N.C.), seeks to recover certain funds from SP which were fraudulently transferred from Rex Venture Group d/b/a ZeekRewards.com ("**RVG**"); and

**WHEREAS**, _____, opened, used, paid money into, controlled, participated in, owned or benefited from the following ZeekRewards account: User Id "_____" and desires to resolve all fraudulent transfer claims and other claims related to this account.

**WHEREAS**, the parties acknowledge that this Agreement is entered into subject to court approval pursuant to the Agreed Order entered in the case styled *Securities and Exchange Commission v. Rex Venture Group, LLC d/b/a ZeekRewards.com et al.*, No. 3:12cv519 (W.D.N.C.).

# AGREEMENT

**NOW, THEREFORE,** in consideration of the foregoing and the covenants and agreements hereinafter set forth, and other good and valuable consideration, including, but not limited to, the Receiver's willingness to release claims for the winning accounts above, the receipt and sufficiency of which are hereby acknowledged, the Receiver and SP hereby agree as follows:

**1. Settlement Payment.** Without acknowledging any personal wrongdoing, SP acknowledges that fraudulent transfers of funds were made by RVG to the ZeekRewards account listed above and agrees to pay to the Receiver the sum of $_____ (the "Settlement Payment") to be paid [on or before July 1, 2013] or [in up to 12 equal consecutive monthly installment payments of $\_\_\_\_\_ beginning on July 1, 2013 and payable on or before the first day of each following month]. The Settlement Payment shall be made in the form of a certified check, money order or direct bank transfer payable to "Kenneth Bell, RVG Receiver" and sent to C/O Mr. Kenneth Bell, RVG Receiver, McGuireWoods LLP, 201 North Tryon Street, Charlotte, NC 28202.

**2. Release of Funds "Frozen" by Payment Processor.** As additional settlement consideration, SP agrees to, if requested, direct NxPay and/or any other payment processor or financial institution or intermediary who has "frozen" funds as of the effective date of this Agreement related to potential payments from ZeekRewards to SP to pay to the Receiver all such "frozen" funds. SP agrees to execute any documents reasonably necessary to direct the payment of these funds to the Receiver and further agrees to waive any right to receive these funds and direct their payment to the Receiver even in the event funds are "unfrozen" and made available to SP prior to SP directing that the funds be paid to the Receiver.

**3. Release of Claims upon Satisfaction of Agreement.** Upon full and complete satisfaction of this Settlement Agreement, including making all required payments and taking all actions required according to the terms of this Settlement Agreement and the entry of an Order Approving the Settlement Agreement by the Court, the Receiver shall fully and forever compromise, settle, release, acquit, and discharge SP from any and all past, present or future claims, causes of action, suits, demands, losses, liabilities, costs or obligations of any nature whatsoever related to the accounts listed above, whether based on tort, contract, or other theories of recovery, between Receiver and SP, whether now known, unknown, asserted, unasserted, foreseen, unforeseen, contingent, actual, liquidated or unliquidated. This release shall be null and void and unenforceable against the Receiver in the event that SP committed actual and knowing fraud in connection with ZeekRewards' or RVG's activities and it is not intended to release any claims related to other accounts not listed above. However, even in the event that this release becomes null and void, SP is entitled to a credit against additional liability for any payments made pursuant to this Settlement Agreement.

**4. SP's Release.** Immediately upon the execution of this Agreement, except as to the rights, liabilities and obligations arising out of this Agreement, SP hereby fully and forever

compromises, settles, releases, acquits, and discharges RVG, the receivership estate, Receiver, McGuireWoods, LLP, and their predecessors, successors, subsidiaries, assigns, affiliates, insurers and any and all present and former employees, attorneys, agents, officers, directors or persons, corporations, representatives and other entities connected therewith (the "**Receiver Releasees**"), from any and all past, present or future claims, causes of action, suits, demands, losses, liabilities, costs or obligations of any nature whatsoever, whether based on tort, contract, or other theories of recovery, between SP and the Receiver Releasees, whether now known, unknown, asserted, unasserted, foreseen, unforeseen, contingent, actual, liquidated or unliquidated. This release specifically includes all claims to recover loss or damage incurred related to all ZeekRewards accounts listed above. To the extent those User Id accounts may be entitled to participate in any distribution of ZeekRewards assets by the Receiver, SP agrees that SP waives and forfeits any right to participate in such distribution. The provisions of this section shall survive even in the event the Receiver's release of SP becomes null and void.

**5. Other Representations and Warranties.** The Parties represent and warrant to each other that: (a) they have the legal capacity and authority to enter into this Agreement; (b) each has freely, voluntarily, and without duress or coercion of any kind whatsoever, entered into this Agreement under the advice of counsel or with the opportunity to seek the advice of counsel; and (c) this Agreement constitutes the voluntary, legal, valid, and binding obligation of said party. SP hereby represents and warrants that: (a) prior to the execution of this Agreement, [he/she/it/each] was fully apprised of sufficient relative data, in order to intelligently exercise judgment in deciding whether or not to execute this instrument and in evaluating the contents of the same; (b) the decision to execute this Agreement was not predicated on or influenced by any declarations or representations made by Receiver other than as set forth in this Agreement; and (c) this Agreement in all respects has been voluntarily and knowingly executed by SP with the express intention of creating the legal consequences thereof.

**6. Choice of Law.** This Agreement shall be governed by the laws of the State of North Carolina.

**7. Cure of Untimely Payment.** In the event that SP fails to make a timely Settlement Payment or an installment Settlement Payment in accordance with the agreed schedule for payments or a payment is returned from a financial institution for insufficient funds, then SP shall have the right to cure that failure within 15 days by delivering a certified check payable to the Receiver in the proper payment amount plus a 1% late fee.

**8. Entire Agreement.** This Agreement sets forth the entire agreement and understanding of the Parties with respect to the subject matter hereof and supersedes all prior negotiations, agreements, and understandings, oral or written, with respect to the subject matter hereof. Each party declares and represents that no promise, inducement or agreement not herein expressed has been made to the other party and that this Agreement contains the entire terms of the settlement between the Parties, each party has had the opportunity to consult with an attorney of their choice and, further, each party has read the terms of this Agreement, understands them, and accepts them of such party's own free will.

**9. Severability.** If any term or other provision of this Agreement is invalid, illegal or incapable of being enforced by any rule of law, or public policy, all other conditions and provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of the transactions contemplated hereby is not affected in any manner adverse to any of the Parties. Upon such determination that any term or other provision is invalid, illegal or incapable of being enforced, the Parties shall negotiate in good faith to modify this Agreement so as to effect the original intent of this Agreement as closely as possible in a mutually acceptable manner in order that the transactions contemplated hereby be consummated as originally contemplated to the greatest extent possible.

**10. Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, personal representatives, legal representatives, successors and assigns and all of those holding title under either of them and the pronouns used herein shall include, where appropriate, either gender and both singular and plural.

**11. No Third Party Beneficiary.** The Parties do not intend to confer any benefit by or under this Agreement upon any person or entity other than the Parties hereto and their respective successors and permitted assigns.

**12. Attorneys' Fees and Costs.** SP agrees to bear SP's attorneys' fees and costs in this action herein. In the event that legal or other action is required to enforce a Party's rights under this Agreement, the non-prevailing party agrees to reimburse the prevailing party upon demand for its reasonable attorneys' fees and other related costs and expenses incurred in connection with the enforcement thereof.

**13. Modification.** This Agreement may not be amended, altered, modified or otherwise changed except in a writing signed by all Parties.

**14. No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

**15. Execution in Counterparts.** This Agreement may be executed in several counterparts and through the exchange of facsimile or PDF signature papers and, as executed, shall constitute one Agreement.

**16. Captions and Rules of Construction.** The caption in this Agreement is inserted only as a matter of convenience and for reference and does not define, limit or describe the scope of this Agreement or the scope or content of any of its provisions. Any reference in this Agreement to a paragraph is to a paragraph of this Agreement. "Includes" and "including" are not limiting.

**17. Tolling of Statutes of Limitation.** SP acknowledges and agrees that any and all applicable statutes of limitation shall be tolled during the period agreed for any installment payments or the period of one year from the date hereof, whichever is longer ("Tolling Period").

IN WITNESS WHEREOF, the parties have executed this Agreement effective this _____ day of June, 2013.

_____
Kenneth D. Bell, RVG Receiver

_____

5

44826952_1.DOCX

Case 3:12-cv-00519-GCM   Document 150-1   Filed 06/28/13   Page 6 of 6