IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff,

vs.

REX VENTURE GROUP, LLC
d/b/a ZEEKREWARDS.COM, and
PAUL BURKS,

     Defendants.

Civil Action No. 3:12 cv 519

## RECEIVER'S REQUEST FOR LEAVE TO INSTITUTE ACTIONS AND FOR ORDER SETTING INITIAL CONFERENCE

On August 17, 2012, this Court entered an Agreed Order appointing Kenneth D. Bell as a Receiver to investigate, pursue and recover all potential claims and other assets of the Rex Venture Group, LLC ("RVG") receivership estate. Pursuant to paragraph 43 of that Agreed Order, the Receiver requests leave of this Court to institute actions for the benefit and on behalf of the Receivership Estate against those primarily responsible for perpetrating the ZeekRewards Ponzi and pyramid scheme and certain scheme participants who were "net winners" in ZeekRewards.

Since his appointment, the Receiver has thoroughly investigated RVG and the ZeekRewards scheme. After careful analysis of RVG's written and electronic records, review of hundreds of thousands of documents and numerous interviews with relevant

1

witnesses, the Receiver has concluded that Paul Burks and the other RVG insiders who developed and operated the fraud breached their fiduciary duties and corporate obligations to RVG, converted and wasted corporate assets, were unjustly enriched and were the beneficiaries of fraudulent transfers from RVG. Also, the Receiver has determined that the scheme's significant "net winners," those who received at least $1000 more from ZeekRewards than they paid in, should be required to disgorge their profits (which came from the scheme's victims) and return the money fraudulently transferred to them so that it can be repaid to victims.

In recognition of the additional claims and different circumstances of the insiders, the Receiver proposes to file one action against the RVG insiders and a second action against the net winners who won more than $1000 (asserting claims against the largest net winners as individual defendants/ class representatives and a defendant class of the remaining net winners.) However, in the interests of efficiency and judicial economy, the Receiver intends to file the cases at the same time and will request that the cases be consolidated for all proper purposes, such as discovery.

In accordance with the Agreed Order, the Receiver has provided prior notice to Counsel for the Securities and Exchange Commission.

Thus, the Receiver respectfully requests leave to institute the actions described above in this Court.[1]

---

[1] Upon the Court's request, a copy of the two Complaints that the Receiver intends to file to begin the actions will be made available to the Court for its *in camera* review.

Also, because of the scope and nature of the actions to be filed, the Receiver respectfully asks the Court to enter an order setting an Initial Conference among the parties in both actions and establishing interim procedures to facilitate an efficient and well-organized beginning for the litigation. The Receiver's requested action against the insiders asserts claims against six defendants and the "net winner" action names 17 defendants (which include 11 different "net winners" plus their spouses and/or affiliated companies) and a defendant class of the remaining "net winners." Therefore, it is in the best interests of all parties to promote organization and efficiency from the start. Indeed, in complex litigation, it is common for the Court to enter an Order Setting Initial Conference to avoid confusion or delay at the start of the action. *See* Manual for Complex Litigation, Fourth at §40.1.

The proposed Order Granting Leave to File Actions and Setting Initial Conference, attached as Exhibit 1, would accomplish the following:

a) Grant leave to the Receiver to file the proposed actions as discussed above;

b) Sets a date for the Initial Conference among the parties; the Receiver requests that the conference be set during the period of January 13-16, 2014 (approximately one month after the filing of the Complaints, assuming the Complaints are permitted to be filed soon after this request);

c) Makes clear that attendance at the conference does not waive potential objections to jurisdiction, venue or service;

d) Requires counsel for the parties to meet in advance of the conference and propose one or more discovery plans and case management schedules under Fed. R. Civ. P. 16(b) and 26(f);

e) Directs defense counsel to promptly file a notice of appearance;

f) Grants an extension of time for the filing of answers and motions until a time to be set at the Initial Conference (thus avoiding multiple motions for extensions and different response dates) ;

g) Defers the beginning of discovery until a time to be set at the Initial Conference; and

h) Orders the parties and counsel to preserve electronic and documentary evidence until further instruction from the Court.

These proposed procedures are reasonable and necessary to manage the Receiver's actions and are fair to all. The Court will benefit from avoiding numerous administrative motions and the inefficiency and confusion that will result from a hodgepodge of different extensions and response dates. And, all the Defendants will benefit from the extensions of time and a simplified process.

Therefore, the Receiver respectfully requests that the Court enter an Order Setting Initial Conference in substantially the form attached as Exhibit 1 in each action.

Respectfully submitted this 11th day of December, 2013.

By: /s/ Irving M. Brenner
      Kenneth D. Bell, Receiver, Esq.
      N.C. State Bar No. 10800
      Irving M. Brenner, Esq.
      N.C. State Bar No. 15483
      MCGUIREWOODS LLP
      201 North Tryon Street, Suite 3000 (28202)
      Post Office Box 31247
      Charlotte, North Carolina 28231
      Telephone: 704-373-4620
      Facsimile:  704-373-8836
      kbell@mcguirewoods.com
      ibrenner@mcguirewoods.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the foregoing using the

CM/ECF system which will send notification to the following parties:

John J. Bowers
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20815
bowersj@sec.gov

*Attorney for the Securities and Exchange Commission*

C. Melissa Owen
Jacob H. Sussman
Noell P. Tin
Sarah Elizabeth Bennett
Tin, Fulton, Walker & Owen
301 East Park Avenue
Charlotte, North Carolina 28203
cmowen@tinfulton.com
jsussman@tinfulton.com
ntin@tinfulton.com
sbennett@tinfulton.com

*Attorneys for the Defendants*

This the 11th day of December, 2013.

/s/ Irving M. Brenner