IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| KENNETH D. BELL, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,<br><br>      Plaintiff,<br><br>  vs.<br><br>PAUL R. BURKS, DAWN WRIGHT-OLIVARES, DANIEL OLIVARES, ROGER PLYLER, ALEXANDRE DE BRANTES and DARRYLE DOUGLAS,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | FILED<br>CHARLOTTE, NC<br><br>DEC 19 2013<br><br>US District Court<br>Western District of NC<br><br><br>ORDER<br>GRANTING<br>LEAVE TO<br>FILE ACTIONS<br>AND SETTING<br>INITIAL<br>CONFERENCE |
| KENNETH D. BELL, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,<br><br>      Plaintiff,<br><br>  vs.<br><br>TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.:<br><br>Civil Action No.: |

51907721_1

Kenneth D. Bell, the court-appointed Receiver for Rex Venture Group, LLC (the "Receiver") has requested leave to file the above captioned actions. For good cause shown in the Receiver's Request for Leave to Institute Actions and For Order Setting Initial Conference, this Court hereby GRANTS LEAVE to the Receiver to file these actions.

Further, in seeking leave to file these related actions, the Receiver requested that the Court take note of the number of parties and potential complexity of the actions and enter an order requiring the parties to take steps early in the process to promote efficiency and judicial economy. After reviewing the Receiver's description of the actions and considering the number of parties and the inclusion of a putative defendant class action, the Court finds that these cases may merit special attention as complex litigation.

Therefore, in the interests of the thoughtful administration of justice, the court ORDERS as follows:

1.  *Initial Conference.* All parties in both actions shall appear for a conference with the undersigned on the 27th day of January, 2014 at 2 a.m./p.m. in Courtroom 3 of the Charles R. Jonas Federal Building in Charlotte, N.C.

    (a) *Attendance.* To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests may agree (and are encouraged to agree) to the extent practicable on one or more attorneys to act on their joint or collective behalf at the conference. A party will not, by designating an attorney to represent his, her or its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

    (b) *Service.* The Receiver is directed to serve this Order together with the Summons and Complaint in this action. Further, the Receiver is directed to serve a copy of this Order on any counsel who appears in this action within five (5) days of that counsel's appearance.

2.  *Purposes.* The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f).

3.  *Preparations for Conference*

    (a) *Initial Conference of Counsel.* Before the conference, counsel in each action or collectively shall confer and seek consensus to the extent possible with respect to a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for amendment of pleadings, consideration of any class action allegations, motions, and trial. In drafting [a] proposed

plan(s), the parties should consider how discovery and case management in each action can be handled most efficiently in light of the Receiver's two related actions.

(b) *Preliminary Reports.* Counsel will submit to the court no less than five (5) days prior to the conference [a] proposed discovery plan(s) and [a] suggested schedule(s) as discussed above. In addition, the plan(s) and/or schedule(s) should identify any expected motions (pursuant to Rule 12 or otherwise) or other matters that the parties expect will require a ruling by the Court in the initial stages of the actions.

(d) *List of Affiliated Companies and Counsel.* To assist the court in identifying any problems of recusal or disqualification, counsel will submit to the Court no less than five (5) days prior to the conference a list of all companies affiliated with the parties and all counsel associated in the litigation.

4. *Interim Measures.* Until otherwise ordered by the Court:

(a) *Admission of Counsel.* Counsel, whether or not admitted in this District, shall file a Notice of Appearance, including any applicable *pro hac vice* motion, as soon as practicable, but in any event no less than ten (10) days prior to the Initial Conference.

(b) *Pleadings.* Each defendant is granted an extension of time for responding by motion or answer to the complaints until a date to be set at the Initial Conference.

(c) *Discovery.* Pending the conference, no discovery shall be initiated and no party is required to make disclosures pursuant to Rule 26. This order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to conducting a deposition; (3) prevent a party from voluntarily making disclosures; or (4) authorize a party to suspend its efforts in gathering information that is expected to be needed to respond to a request under Rule 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

(d) *Preservation of Records.*

(i) All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors,

carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action.
Counsel is under an obligation to exercise reasonable efforts to identify and notify such nonparties, including employees of corporate or institutional parties.

(ii) "Documents, data, and tangible things" is to be interpreted broadly to include writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic and text messages; voicemail; E-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

(iii) "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery under Fed. R. Civ. P. 26, 45, and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

(iv) If the business practices of any party involve the routine destruction, recycling, relocation, or mutation of such materials, the party must, to the extent practicable for the pendency of this order:

    (1) halt such business processes;
    (2) sequester or remove such material from the business process; or
    (3) arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

(e)     *Motions.* Prior to the Initial Conference no motion shall be filed under Rule 11, 12, or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matter without court action.

5.  *Ongoing Duties of the Receiver.* The stay of discovery in Paragraph 4(c) shall in no way effect or hinder the Receiver's right to subpoena records, conduct depositions, or otherwise fulfill his court-appointed obligations in the related matter of Securities and Exchange Commission v. Rex Venture Group, LLC d/b/a ZeekRewards.com and Paul Burks, No. 3:12CV519 (W.D.N.C., filed Aug. 17, 2012).

Dated: 19 Dec 13

Graham C. Mullen
United States District Judge

51907721_1

5