IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| vs. | ) ) ) | No. 3:12-CV-519 |
| REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS, | ) ) ) ) |  |
| Defendants, | ) ) ) |  |

ORDER APPROVING DISTRIBUTION PROCEDURES
AND CERTAIN OTHER RELATED RELIEF

This matter is before the Court upon the Receiver's Motion for an Order Approving Distribution Procedures and Certain Other Related Relief (the "Motion").[1] Through that Motion, the Receiver sought the approval of the following relief: (1) procedures for the resolution of certain Claims reconciliation matters, including, but not limited to, granting the Receiver authority to settle Claims asserted against the Receivership Defendant, establishing a procedure for settling Claims filed against the Receivership Defendant, appointing retired Judge Frank W. Bullock, Jr. of the United States District Court for the Middle District of North Carolina, to serve as special master over objections to Claim Determinations that the Receivership Team has been unable to resolve through negotiations with the Claimant, and establishing the method by which a Claimant or the Receiver may appeal an adverse determination of the Special Master (once

---

[1] Capitalized terms used, but not defined herein, shall have the meanings ascribed them in the Motion.

appointed) to this Court; (2) the establishment of the priority of distributions to the holders of allowed Claims; (3) the establishment of the rising tide methodology for determining the distributions to be made on account of the allowed Claims held by Affiliate Investors; and (4) the procedures for making distributions, including, but not limited to, the collection of necessary information to make distributions to holders of allowed Claims, and the establishment of the procedures for making distributions.

After reviewing and considering the Motion as well as the objection of non-party Johnny Belsome, et al., the Court hereby GRANTS the Motion in all respects.

IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:

1. The notice of the Motion that was sent via electronic mail to all entities that fully submitted claims on the Claims Portal via the electronic mail address provided in the Claim submission process by such entity constitutes good and sufficient notice of the Motion and all the relief sought therein, including the appointment of the Special Master.

**Appointment of Special Master**

2. The holders of Claims against the Receivership Defendant hold no jury trial right in respect to the determination, allowance, disallowance, adjudication, and/or liquidation of such Claims.

3. An exceptional condition warranting a Special Master exists in this Case in regard to the Claims.

4. Retired Judge Frank W. Bullock, Jr. of the United States District Court for the Middle District of North Carolina, is hereby Appointed as the Special Master.

5. The Special Master shall file the affidavit required by Rule 53(b)(3)(A) within ten (10) days after the filing of this Motion.

6. The duties and powers of the Special Master shall be limited to those duties and powers described herein. The Special Master shall not have the power to issue any orders or impose any sanctions.

7. The Special Master shall only review and make determinations regarding Claims if:

   (i) (A) the Receiver has issued a Claim Determination regarding the Claim; (B) the Claimant timely objects to the Claim Determination; (C) more than 90 days has passed since the issuance of a Claim Determination or an amended Claim Determination (as the case may be), subject to the Receiver consenting to a shortening of this period; (D) negotiations between the Receiver and the Claimant have commenced and have not resulted in a settlement; and (E) either the Claimant or the Receiver has requested that the Special Master review and intervene in the Claim dispute (a "Request for Intervention"); or

   (ii) the Receiver reaches a settlement with a Claimant that requires the review of the Special Master as set forth in Paragraph 21 hereof (a "Settlement Review").

8. A Request for Intervention must be made in writing and served via electronic mail to the opposing entity and the Special Master.

9. The Request for Intervention must include a statement setting forth the Claimant's or the Receiver's position, as the case may be, with respect to the amount of the Claim (the "Position Statement").

10. The Receivership Team shall, within 30 days after receiving or making the Request for Intervention, provide the Special Master with the data provided by the Claimant when it

asserted the Claim (including, but not limited to, the amount the Claimant asserts it funded to ZeekRewards, the amount of payments the Claimant asserts it was paid by ZeekRewards and any backup submitted), the information stored in the ZeekRewards database relating to the Claimant, and any further information regarding the Claim that the Receivership Team may have in its possession (collectively, the "Claim Data").

11. The entity that receives the Request for Intervention from the opposing entity shall have 30 days from service of the Request for Intervention, subject to extension by agreement between the Receiver and the Claimant or by consent of the Special Master, to respond to the Position Statement (the "Reply") in writing via electronic mail to the entity that made the Request for Intervention and the Special Master.

12. Upon receipt of the Position Statement, the Reply and the Claim Data, the Special Master shall review this information and hold a hearing where the Receivership Team and/or the Claimant may produce evidence regarding the validity and amount of the Claim. Attendance at such hearing shall not be required. Entities may attend the hearing by telephone or other electronic means.

13. After the conclusion of such hearing, the Special Master will serve, via electronic mail, a written decision detailing his findings regarding the validity and amount of the Claim (a "Decision") on the Claimant and the Receivership Team.

14. Each of the Claimant and the Receivership Team shall have 30 days from the date of service of the Decision via electronic mail to file an appeal of the Decision with this Court (an "Appeal"). Such Appeal shall be filed in the miscellaneous proceeding that shall be commenced by the Receiver (the "MP"). The Receiver shall commence the MP within 30 days after the date on which this Order is entered. The entity that seeks review

by filing a Notice of Appeal in the MP shall pay an appropriate filing fee in an amount equal to the cost to commence a civil action in this Court ($400.00).

15. If the Receiver and a Claimant reach a settlement which, as set forth in Paragraph 21 hereof, would require the approval of the Special Master, the Receiver shall request that the Special Master perform a Settlement Review. The Receiver shall provide the Special Master with the Claim Data and any other information which the Special Master may request. The Special Master shall then render a determination on whether the settlement is approved or whether the parties need to alter the settlement for it to be approved.

16. Imposing the expenses of the Special Master on the Estate is fair and reasonable.

17. Within 30 days after the close of each calendar quarter, the Special Master shall file a report that states the number of Claims he has reviewed and the number of Decisions he has rendered.

18. The Special Master shall engage in *ex parte* communications with the Claimant solely for the purposes of discussing scheduling and logistical issues regarding the review of the Claim Data. The Special Master shall engage in *ex parte* communications with the Receivership Team only for the purposes of discussing scheduling, logistical issues and administrative matters, including, but not limited to, the payment of the Special Master's fees. The Special Master shall be paid $450 per hour for the work he performs in his capacity as Special Master in this matter. The Special Master shall submit his bills to the Receiver for payment.

**Amendment of Claim Determinations**

19. The Receiver may, in his discretion, amend and reissue Claim Determinations.

20. The Receiver may stipulate to the allowance of a Claim against the Receivership Defendant without the approval of this Court so long as the Claim, as allowed, does not exceed an amount that is $10,000.00 greater than the amount such Claim was maintained in the database of ZeekRewards.

21. The Receiver may seek to stipulate to the allowance of a Claim that would be in an amount that is in excess of $10,000.01 greater than the amount that such Claim was maintained in the database of ZeekRewards, but less than $100,000.00 greater than the amount that was maintained in the database of ZeekRewards if approved by the Special Master after the Settlement Review or upon an order of this Court.

22. The Special Master shall have authority to approve stipulations of Claims which meet the criteria set forth in Paragraph 21 hereof.

23. The Receiver may seek to stipulate to the allowance of a Claim by filing an application with this Court. The Receiver may seek this Court's approval of multiple settlements in one motion (an "Omnibus Motion"). Any such Omnibus Motion will clearly identify each of the settlements for which the Receiver is seeking approval.

**Priority of Claims**

24. The Distribution Protocol is fair and equitable and is approved in its entirety.

25. Allowed Claims shall be paid in the following order of priority:

    a. First, on account of Claims for the actual necessary costs and expenses incurred by the Receiver and the Receivership Team subsequent to the appointment of the Receiver, including, but not limited to, the payment of the fees authorized by this Court, tax obligations that are incurred from activities undertaken subsequent to the appointment of the Receiver (not tax obligations that merely become due

subsequent to the appointment of the Receiver), and the fees and costs associated with making distributions of the assets collected by the Receivership Team to holders of allowed Claims in these cases (collectively, "Class 1 Claims") until such Claims are paid in full. Such Claim may, in the Receiver's discretion, be paid in the ordinary course of business as and when they become due.

b. Second, on account of allowed secured Claims, to the extent such claims exist, including, without limitation, the allowed secured Claims of taxing authorities, until such claims are paid in full, but solely from the proceeds of the collateral held by the Estate in which the secured Claim holder holds an interest (collectively, "Class 2 Claims");

c. Third, pro-rata to holders of allowed Claims of Affiliate Investors and subrogees of Affiliate Investors on account of the allowed Claims of Affiliate Investors and subrogees of Affiliate Investors (collectively, "Class 3 Claims") until all such claims are paid in full without interest, costs or fees;

d. Fourth, to the extent not paid in full above and solely to the extent there are remaining funds after payment in full is made on account of all allowed Claims in Classes 1, 2 and 3 in accordance with the treatment set forth above, pro-rata to holders of allowed Claims of taxing authorities and other governmental entities allowed in the reconciliation process (collectively, "Class 4 Claims") until such Claims are paid in full without interest, costs, penalties or fees; and

e. Finally, to the extent there are remaining funds after payment in full is made on account of all allowed Claims in Classes 1, 2, 3 and 4 in accordance with the treatment set forth above, pro-rata to the holders of allowed general unsecured

Claims on account of all allowed general unsecured Claims[2] (collectively, "Class 5 Claims") until such Claims are paid in full without interest, costs or fees.

26. Under no circumstances shall the Receiver be permitted to make any distributions on account of the membership interests of the Receivership Defendant or any distributions to the holders of the membership interests of the Receivership Defendant absent further Order of this Court.

27. The Receiver shall maintain the Claims data filed in regard to Class 4 and Class 5 Claims, but shall not be required to determine or otherwise reconcile such Class 4 and Class 5 Claims, unless and until the Receiver determines that, subject to adequate reserves, there are adequate assets remaining in the Receivership Defendant's Estate to pay the Claims in Classes 1, 2 and 3 in full in accordance with the treatment set forth in Paragraph 25 hereof.

**Approval of Rising Tide Methodology for Distributions**

28. The methodology for distributions set forth in the Motion is fair and equitable and is approved in all respects.

29. 'The Receiver shall use the Rising Tide methodology to make Distributions on allowed Claims.

30. The Receiver is authorized to establish and release reserves for the holders of allowed Claims in these cases in his discretion.

**Distribution Procedures**

31. The Distributions Procedures set forth in the Motion are fair and equitable and are approved in all respects.

---

[2] General unsecured Claims were denoted on the Receiver's Claim Portal as Trade Creditors, Independent Contractors, Claims of Directors, Officers and Employees, and Claims asserted in the "Other" category.

32. The Receiver shall collect from all holders of allowed Claims, the (i) Release, (ii) W-9 form or W-8 form (as applicable), and (iii) an OFAC Certificate. Failure to provide any of these documents shall cause the distribution payable on account of such Claim to be forfeited in accordance with Paragraph 37 hereof.

33. *Delivery of Distributions in General.* The Receiver shall make distributions solely to the holders of allowed Claims without regard to any Claim or interest asserted by any third party in such distributions. Distributions shall be made to the holders of allowed Claims at the addresses set forth in the Claims asserted by such holders, as amended by such holder on the Claims Portal.

34. *Payments.* Distributions shall be made to all holders of allowed Claims by checks drawn in United States dollars on a United States domestic bank.

35. *Interest on Claims.* Interest shall not accrue or be paid on any Claim, and no holder of a Claim shall be entitled to interest accruing on any Claim. Interest shall not accrue or be paid upon any Claim in respect of the period from the date the Receiver was appointed to the date this Case is closed.

36. *No de Minimis Distributions.* The Receiver shall not be required to make a distribution to the holder of an allowed Claim if such distribution is an amount of less than $100.00. The Receiver has determined that the cost involved in making distributions in amounts of less than $100.00 would not be cost effective. Any holder of an allowed Claim that does not receive a distribution solely because of this provision will have such distribution reserved until such time as the holder would receive a distribution in the amount of $100.00 or more.

37. *Forfeited Distributions.* The holder of a Claim that fails to provide, within 180 days of the Claim Determination becoming final, a (i) Release, (ii) W-9 form or W-8 form (as applicable), or (iii) an OFAC Certificate, shall be deemed to have forfeited any distribution to which they would otherwise be entitled (a "Forfeited Distribution"). Forfeited Distributions shall be deemed forfeited on the 181st day subsequent to such Claimant's Claim Determination becoming final.

38. *Unclaimed and Undeliverable Distributions.*
    a. "Unclaimed Property" shall mean distributions (i) that are Forfeited Distributions; (ii) that are returned to the Receiver as undeliverable and no appropriate forwarding address is received within 90 days after such attempted distribution by the Receiver is made to such holder; (iii) for which the check making such distribution is not negotiated within 180 days of its issuance and no request for re-issuance is made within such 180 day period, at which time, such distribution shall be cancelled through a stop payment order or other means; or (iv) remaining after the Final Distribution. The Receiver is under no affirmative obligation to attempt to locate any holder of an allowed Claim.
    b. If the combined total of Unclaimed Property related to allowed Claims totals (i) $100,000 or more, the Unclaimed Property shall, subject to Section 4 ("No *de Minimis* Distributions") and other relief approved by this Court in this Motion, be redistributed to the other holders of allowed Claims in Class 3 until the holders of allowed Claims in Class 3 are paid in full on account of their allowed Claims in Class 3, and, thereafter, distributed by the Receiver to other holders of Claims allowed in the order of priority established by this Court, or (ii) if less than

$100,000, the Unclaimed Property shall be donated to a non-denominational charity to be selected at a later date by the Receiver; provided that, all Claims in respect of the Unclaimed Property shall be deemed disallowed, and the holder or successor to such holder of any Claim so disallowed will be forever barred, expunged, estopped and enjoined from asserting any such disallowed Claim in any manner against the Receiver, the Estate, or their respective property, notwithstanding any federal or state escheat laws to the contrary.

39. *Interim Distributions.* The Receiver, in his discretion, may, but is not required to, make interim distributions to the holders of allowed Claims entitled thereto in accordance with the procedures contained herein.

40. *Final Distribution.* The Receiver shall make a final distribution to holders of allowed Claims entitled thereto in accordance with the procedures contained herein. Such final distribution shall provide for the distribution of as much of the Estate's assets as is possible without causing a disparity in the pro-rata distribution to be made on allowed Claims. Any remaining Estate Assets shall be treated as Unclaimed Property. Upon making the final distribution, the Receiver shall file a report with this Court.

41. *Reserves for Claims not Yet Allowed.* For the purpose of making interim distributions, the Receiver shall establish, in his discretion and without further order of this Court, reserves for all Claims that have not been disallowed (whether pursuant to Paragraph 38 hereof or in the Claim reconciliation process).

42. *Compliance with Tax Requirements.* In connection with the distributions made in accordance hereto, to the extent applicable, the Receiver shall comply with all tax withholding and reporting requirements imposed by any governmental unit and all

distributions shall be subject to such withholding and reporting requirements. The Receiver shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements.

43. *Compliance with Applicable Regulations.* If an entity is not permitted to receive a distribution or is required to forfeit any distribution because of any Applicable Regulation, the Receiver shall retain such distribution and treat such distribution as if it were Unclaimed Property unless required to treat such distribution differently by applicable United States law. The Receiver shall have no liability to any holder of a Claim because he has acted in accordance with what he believes is an Applicable Regulation.

Signed: March 26, 2014

Graham C. Mullen
United States District Judge