IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 3:12-CV-519 |
| REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER APPROVING MOTION TO AUTHORIZE
FIRST INTERIM DISTRIBUTION, ESTABLISH RECORD DATES
AND SET FIRST INTERIM DISTRIBUTION DATE**

This matter is before the Court upon the Receiver's Motion for an Order Approving his motion to (i) authorize an interim distribution on account of allowed class 3 claims, (ii) establish a record date for eligibility to receive the First Interim Distribution on the First Interim Distribution Date, (iii) set the First Interim Distribution Date, and (iv) establish Subsequent Record Dates and Subsequent Distribution Dates for making the First Interim Distribution to Class 3 Claimants whose claims are allowed prior to a Subsequent Record Date (the "Motion").[1] Non-party Plastic Cash International, LLC ("PCI") filed a response objecting to the Receiver's motion.

This Court, having reviewed and considered the Motion, and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause having been shown, the

---

[1] Capitalized terms used, but not defined herein, shall have the meanings ascribed them in the Motion.

Court hereby GRANTS the Motion in all respects. The Court specifically notes that this Order does not purport to determine the validity or priority of PCI's claim. The PCI Claim will be addressed through the Claim Determination process and separate litigation.

IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:

1. The notice of the Motion sent via electronic mail to all entities that fully submitted claims on the Claims Portal via the electronic mail address provided in the Claim submission process by such entity constitutes good and sufficient notice of the Motion and all the relief sought therein.

2. The Receiver is authorized, but not directed, to make the First Interim Distribution directly to the Claimants who hold Allowed Claims in Class 3 pursuant to the Distribution Plan.

3. The First Interim Distribution Record Date shall be August 15, 2014.

4. The First Interim Distribution Date shall be September 30, 2014.

5. The first Subsequent Record Date for the First Interim Distribution shall be December 31, 2014.

6. Additional Subsequent Record Dates for the First Interim Distribution shall occur on each of the last business days of each calendar quarter subsequent to the first Subsequent Record Date.

7. The first Subsequent Distribution Date for the First Interim Distribution shall be January 30, 2015.

8. Additional Subsequent Distribution Dates for the First Interim Distribution shall occur on the last business day of the calendar month that directly follows a Subsequent Record Date.

9. The methodology for determining the amount of reserves to be held by the Receiver for the holders of Class 3 Claims that are not allowed by the First Distribution Record Date, but have not been disallowed, is proper. The amount to be reserved by the Receiver for the holders of Class 3 Claims that are not allowed as of the First Distribution Record Date shall be determined and held in the manner set forth in the Motion.

10. The Receiver shall establish a reserve on account of Class 3 Claims that are not allowed as of the First Distribution Record Date in the aggregate amount of the First Interim Distribution Amount that would be necessary to pay such Class 3 Claimant based on the amount that such Class 3 Claimant asserted in the Claim Process, after applying Rising Tide to the First Interim Distribution Amount in accordance with the Distribution Plan.

11. The Receiver shall not reserve on account of any Claim asserted or classified in Class 2, 4 or 5.

12. The Receiver shall not reserve on account of any Claim asserted in Class 3 that has been disallowed.

13. The Receiver shall reserve sufficient funds to pay all the costs, fees and expenses incurred in administrating the Receivership Estate in accordance with orders of this Court.

14. No Claimant has asserted a valid Claim that shall be classified in Class 2 pursuant to the Distribution Plan. All Claimants that assert that his or her Claim should be treated in Class 2 shall be classified in Class 3, 4 or 5, as applicable, in accordance with such Claimant's initial filings and applicable law.

Signed: July 31, 2014

*Graham C. Mullen*

Graham C. Mullen
United States District Judge