IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS,<br><br>Defendants, | No. 3:12-CV-519 |

## AGREED ORDER FOR PREFERRED MERCHANTS' AND JAYMES MEYER'S PRODUCTION OF ADDITIONAL DOCUMENTS, DEPOSITION, AND ASSET FREEZE

Kenneth D. Bell, Court-appointed Receiver ("Receiver") of Rex Venture Group, LLC d/b/a ZeekRewards.com ("RVG" or "Receivership Defendant"), Preferred Merchants and Jaymes Meyer, by their respective counsel, submit this Agreed Order for Preferred Merchants' and Jaymes Meyer's Production of Additional Documents, Deposition, and Asset Freeze.

Currently before the Court are the Receiver's Contempt Motion, Preferred Merchants' Motion to Lift the Stay, requesting leave to file a declaratory action, the Receiver's Motion for Temporary Restraining Order, requesting the Court to freeze the $4.8 million in Receivership Assets pending the resolution of these motions on the merits, and the supplemental briefs that the parties submitted at the Court's request regarding the nature of the proceedings by which these motions should be resolved. In connection with these motions, "in light of the uncertainty and

accessibility to these funds," the Court granted the Receiver's request for discovery as to the $4.8 million transfer and Preferred Merchants' and Mr. Meyer's assets.

On December 11, 2014, the Court ordered Jaymes Meyer, personally and on behalf of Preferred Merchants, to appear for a deposition in Charlotte, North Carolina on or before December 19, 2014. [Dkt. 304.] On December 16, 2014, upon the Receiver's request, the Court ordered Preferred Merchants and Jaymes Meyer to produce the following documents to the Receiver no later than 10:00 a.m. on Wednesday, December 17, 2014:

> A full accounting of the use and location of the RVG funds transferred to Preferred Merchants/Meyer in August 2012 from the date of the transfer to the present and all documents related to the creation, governing documents, transfer of assets into and current holdings of the "Cook Islands Trust" described by Preferred Merchants' and Mr. Meyer's counsel to the Court on November 24, 2014.

[Dkt. No. 306.]

The Receiver reviewed the information that Preferred Merchants and Mr. Meyer produced on December 17, and found the production to be insufficient because, in the Receiver's view, the production is missing key information that the Court ordered Preferred Merchants and Mr. Meyer to produce. In addition, during the deposition of Jaymes Meyer on December 18, 2014, Mr. Meyer was unable to answer a number of the Receiver's counsel's questions regarding various accounts and assets, claiming that he needed to review additional documents. He also identified additional documents responsive to the Court's Order that had not been produced.

Further, Mr. Meyer was unable to provide detailed information about the single bank statement produced concerning the cash held in the Cooks Islands trust. That statement revealed that $200,000 has been distributed from the account on or after November 14 2014, with $150,000 being distributed to Mr. Meyer on November 14 and $50,000 being distributed to "IBF Ltd." on November 28, 2014 (after the Court hearing on November 24, 2014).

During the deposition, Preferred Merchants' counsel requested a suspension of the deposition to allow time for his client to collect additional necessary documents and further review relevant documents, so that he would be better prepared to respond to the Receiver's questions. The Receiver agreed to the request under the conditions that agreed additional responsive documents would be produced, Mr. Meyer would be produced for the continuation of the deposition on January 5, 2015 during which he would be prepared to answer the Receiver's questions, and that a consent order memorializing the terms of the parties' agreement be entered so any violation could be enforced through the Court's contempt powers.

Accordingly, the parties hereby consent to the Court ordering the following:

1. **Production of documents.** Preferred Merchants and Jaymes Meyer agree to produce the following documents to be received by the Receiver no later than December 30, 2014:

    a. Any and all bank account statements available to Preferred Merchants or Jaymes Meyer for any and all accounts held by or for the benefit of Preferred Merchants, Jaymes Meyer, and the Cook Islands Trust or for which they have any interest or access to funds. These accounts may include, but are not limited to the Bank of America, Scottrade, E*TRADE, Chase and the credit union and Turks and Caicos' accounts that Mr. Meyer referenced at his December 18, 2014 deposition.

    b. With respect to the account statements for the Capital Security Bank Limited, IBF Ltd. and JP Morgan Chase accounts referenced at their deposition, Preferred Merchants and Jaymes Meyer contend that they currently do not have access to or are not familiar with these records. Solely for the purpose of facilitating this agreement, the parties agree that Preferred Merchants and Jaymes Meyer shall have the obligation to attempt to obtain these records prior to the January 5, 2015

3

deposition and the Receiver shall retain all rights to move the Court to hold Preferred Merchants and/or Jaymes Meyer in contempt for their previous failure to produce these records at or before the deposition on December 18, 2014.

c. Identification of and available supporting documentation for any purchase of assets greater than $5000 made with funds disbursed or withdrawn from any account held by or for the benefit of Preferred Merchants, Jaymes Meyer, and the Cook Islands Trust.

d. All documents, if any, relating to the $600,000 "wire out" of Preferred Merchants' ETrade account on August 21, 2012, reflecting where the money went.

e. Any and all documents relating to the Scottrade account (ID 1001086162), including, but not limited to documents relating to the $6.4 million of transfers on October 5 and 9, 2012 from Preferred Merchants' Bank of America account and where the funds went after they were deposited into the Scottrade account.

f. Any and all agreements between Preferred Merchants, Jaymes Meyer, and GETI relating to commissions paid to Preferred Merchants in connection with services provided to Rex Venture Group.

g. Any and all invoices prepared by Preferred Merchants and/or Jaymes Meyer in connection with the services provided to Rex Venture Group and any communications between the parties related to the invoices.

h. Any and all documents available to Preferred Merchants and/or Jaymes Meyer relating to IBF Ltd. and any accounts under its ownership or control, including, but not limited to, documents identifying IBF Ltd.'s creation, ownership, and

corporate structure; creation of any financial account; account statements, and any documents reflecting any and all financial transactions and flow of funds.

    i. Any and all available documents and receipts relating to the expenses set forth in the accounting summary produced on December 17, 2014.

    j. Documents, if any, relating to any commissions paid to Joey Adair, Scott Rogers, Alan Murakami either directly or indirectly for services provided in connection with Rex Venture Group.

    k. Federal and state tax returns and any amendments thereto for Preferred Merchants and Jaymes Meyer for each year from 2011 to the present.

2. **Deposition.** Jaymes Meyer, personally and on behalf of Preferred Merchants, will appear for a continued deposition on January 5, 2015 in Charlotte, North Carolina, starting at 9:00 a.m. The Receiver is entitled to take a full deposition pursuant to the terms of the Court's December 11, 2014 order and the Receiver's broad right to pursue discovery of the taking and use of alleged Receivership assets and will not be limited in time based on the time spent during the initial deposition. During this deposition, Mr. Meyer will be reasonably prepared to explain any deposit into or transfer or withdrawal from any account under his ownership or control that is greater than $5000.00.

3. **Asset Freeze.** Because this suspension and further delay results in the increased risk of the disbursement of additional assets from the Cook Islands trust (which occurred in November 2014 as discussed above), Mr. Meyer and Preferred Merchants agree that they will not make any requests, either directly or indirectly through any agent or other party, for the disbursement or distribution of any assets from the Cook Islands Trust through January 8, 2015.

SO ORDERED.

Date: 30Dec2014

Graham C. Mullen
United States District Judge

AGREED TO:

By: /s/ Irving M. Brenner
Kenneth D. Bell
N.C. State Bar No. 10800
Irving M. Brenner
N.C. State Bar No. 15483
MCGUIREWOODS LLP
201 North Tryon Street, Suite 3000 (28202)
Post Office Box 31247
Charlotte, North Carolina 28231
Telephone: 704-373-4620
Facsimile: 704-373-8836
kbell@mcguirewoods.com
ibrenner@mcguirewoods.com

*Court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com*

By: /s/ Vincent P. Schmeltz, III
Vincent P. Schmeltz, III (Admitted *Pro hac vice*)
Jacob P. Zipfel (Admitted *Pro hac vice*)
BARNES & THORNBURG LLP
1 N. Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone: 312) 357-1313
Fax: (312) 759-5646
Email: tschmeltz@btlaw.com
Email: jzipfel@btlaw.com

*Counsel for Preferred Merchants Solutions, LLC*