IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　Plaintiff,<br><br>vs.<br><br>REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS,<br><br>　　　Defendants. | Civil Action No. 3:12 cv 519 |

## CONSENT ORDER

Kenneth D. Bell, Court-appointed Receiver ("Receiver") of Rex Venture Group, LLC d/b/a ZeekRewards.com ("RVG" or "Receivership Defendant") has filed, with the consent of counsel for Plastic Cash International ("PCI") and Brian Newberry, a Consent Motion Regarding Schedule and Potential Mediation.

Now pending before the Court in this matter are two motions related to Plastic Cash International ("PCI") and Brian Newberry. Kenneth D. Bell, the court-appointed Receiver for Defendant Rex Venture Group, LLC ("RVG") has filed a Motion for an Order Directing Plastic Cash International, LLC and Brian Newberry to Turn Over Receivership Assets and/or Find Them in Contempt of the Court's Order Freezing Receivership Assets (Doc. No. 308), to which PCI and Brian Newberry filed responses (Doc. Nos. 308 and 312), and PCI has filed a Motion for Clarification of Claims Procedures (Doc. No. 311). In addition, PCI has filed a claim in the Receivership's claims process, which has been denied by the Receiver, and PCI has expressed

the intent to seek intervention by the special master. Rather than proceed with the continued briefing of those motions, rulings by the Court and further consideration of PCI's claim, PCI has proposed to the Receiver that he agree to participate in a mediation of the parties' disputes. The Receiver has considered this proposal and is willing to begin the process of planning for a potential mediation to include the Receiver, PCI, Brian Newberry, PCI's insurer and other parties that may be required or requested to attend, subject to the terms and conditions requested in this Consent Motion.

Accordingly, for good cause shown and with the consent of PCI and Brian Newberry, the Court orders the following:

1. The time for the Receiver to reply to Plastic Cash International, Inc.'s ("PCI") Objection to Receiver's Motion for an Order Directing Plastic Cash International, LLC and Brian Newberry to Turn Over Receivership Assets and/or Find Them in Contempt of the Court's Order Freezing Receivership Assets (Doc. No. 308); to reply to Brian Newberry's Objection and Response of Brian Newberry to the Receiver's Motion to Hold Plastic Cash International, LLC and Brian Newberry in Contempt (Doc. No. 312); and to respond to PCI's Motion for Clarification of Claims Procedures (Doc. No. 311) shall be stayed until further order of the Court or as set forth in Paragraph 3, below.

2. The Receiver, PCI, Brian Newberry and all parties the Receiver determines to be reasonably necessary to attend are ordered to participate in a mediation of the parties' disputes and all claims related to the transactions at issue on or before March 15, 2015, or by such other deadline as may be agreed to by the parties, subject to the right of the Receiver not to pursue the mediation as set forth below. In the event that a person or entity that the Receiver requests to attend and participate in the mediation refuses to do so voluntarily then the Receiver, upon notice

and delivery of this order, shall have the right to apply to the Court for an order requiring the person or party to appear and may seek reimbursement for the costs of such application to be awarded in the discretion of the Court. The mediation shall be held at the offices of McGuireWoods LLP in Charlotte, North Carolina, unless otherwise agreed by the parties.

3. PCI and Newberry have agreed to provide discovery and information to the Receiver without the need for compliance with discovery procedures (subject, however, to PCI's and Newberry's privileges, which shall be preserved) in order to assist the Receiver with his review of the issues to be addressed at mediation. The Receiver shall serve PCI and Newberry with an informal pre-mediation discovery request seeking sworn financial statements and the disclosure of communications concerning the RVG shut down and this SEC enforcement action with certain third parties. PCI and Newberry shall have thirty (30) days to respond to the informal discovery request. Without limiting the foregoing, Mr. Newberry has agreed to appear in Charlotte for a deposition before the mediation.

However, in the event that the Receiver determines in the exercise of his reasonable judgment that it is not in the best interests of the Receivership to delay the consideration of the pending motions based on a determination that PCI and/or Newberry are not promptly or fully cooperating with the production of requested information or documents, the unavailability of persons or entities the Receiver believes to be reasonably necessary for a productive mediation or other good cause, then the Receiver may give notice to the Court, PCI and Brian Newberry of that decision and the mediation shall be cancelled and PCI's and Newberry's obligations to respond to the Receiver's informal pre-mediation discovery requests shall be terminated (subject to the Receiver's right to seek such discovery formally). The Receiver shall have 14 days from

the date of such notice of cancellation to file and serve the Receiver's replies and response regarding the pending motions.

4. The provisions of LCvR 16.3 shall apply to the mediation requested by this Consent Motion.

SO ORDERED.

Signed: January 12, 2015

Graham C. Mullen
United States District Judge