IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. 3:12-CV-519

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>v.<br><br>REX VENTURE GROUP, LLC d/b/a ZeekRewards.com and PAUL BURKS,<br><br>                Defendants. | |

## MOTION BY BRIAN NEWBERRY FOR ENTRY OF A RULE 502(D) ORDER

BRIAN NEWBERRY, by and through his undersigned counsel, hereby moves that the Court enter an Order pursuant to Fed. R. Evid. 502(d)

1. This Motion is made with respect to *Receiver's Motion for an Order Directing Plastic Cash International, LLC and Brian Newberry to Turn Over Receivership Assets and/or Find Them in Contempt of the Court's Order Freezing Receivership Assets* (Doc. No. 308; the "Receiver's Brief") and the Consent Order (Doc. No. 324), whereby (i) Brian Newberry has agreed to be deposed on March 17, 2015, and (ii) Plastic Cash International, Inc. ("**PCI**") and Mr. Newberry have agreed to produce certain documents to the Receiver in connection with the deposition of Mr. Newberry and the mediation scheduled for March 30, 2015.

2. **Confidential Documents.** Even though the Receiver has not commenced litigation against—much less obtained a judgment against—PCI or Mr. Newberry, the Receiver has asked for, among other documents, financial statements for PCI and Mr. Newberry and Mr.

Newberry's federal income tax returns. Mr. Newberry has agreed to this request provided that such documents (i) shall be kept confidential by the Receiver and others who receive a copy thereof and (ii) not used for any purpose other than Mr. Newberry's deposition on March 17, 2015 and the mediation.

3. **Production of Certain Documents and Information Without Waiver of the Attorney-Client Privilege**. Mr. Newberry intends to assert the business judgment rule as a defense to any alleged violation of the court's Agreed Order or conversion of any asset of the Receivership estate. In order to support the business judgment rule defense, Mr. Newberry intends to rely on advice provided to PCI and Mr. Newberry by PCI's former attorney, Mr. Scott Mehler. However, Mr. Newberry does not intend to waive the attorney-client privilege with respect to legal advice given to PCI or Mr. Newberry by any other attorney or with respect to any topic other than the Receivership or the Agreed Order.

4. Rule 502(d) of the Federal Rules of Evidence authorizes the Court to enter an order "that the privilege or protection is not waived by disclosure connected with litigation pending before the court…." The relief requested herein is narrowly tailored to address Mr. Newberry's legitimate concerns and privileges and to foster cooperation at Mr. Newberry's deposition and at the March 30 mediation.

5. In accordance with the authority granted by Rule 502(d), Mr. Newberry respectfully request that the Court enter an order with the following provisions or such other provisions as may be acceptable by the Receiver:

    a. Brian Newberry or Plastic Cash International, Inc. ("**PCI**") may produce documents to the Receiver and others in connection with the March 17,

2015 deposition of Mr. Newberry and the March 30, 2015 mediation, containing or regarding financial information regarding Mr. Newberry or PCI (including without limitation financial statements and tax returns) ("**Confidential Information**"). In addition, Mr. Newberry's testimony at his deposition schedule for March 17, 2015 may contain Confidential Information. Any Confidential Information produced or presented at the Newberry deposition or the mediation may not be used for any purpose other than the mediation or disclosed to any other person without (i) the prior written consent of Mr. Newberry or PCI or (ii) order of the Court; **provided, however,** that the Receiver may use Confidential Information in proceedings before this Court if such Confidential Information is filed under seal and any such use by the Receiver shall be without prejudice to PCI's or Newberry's rights to object to the use or consideration of such Confidential Information. Counsel for Newberry and PCI shall be responsible for marking such documents (including relevant portions of the deposition transcript) as "Confidential."

b.  PCI and Mr. Newberry may seek to introduce evidence of or testify about legal advice given to them by Mr. Scott Mehler with respect to Rex Venture Group, the Receivership, or the Agreed Order entered in this case ("**Mehler/RVG Legal Advice**"). Neither the production of documents nor the deposition testimony of Mr. Newberry containing or regarding Mehler/RVG Legal Advice shall constitute a waiver of PCI's or Mr.

    Newberry's right to assert the attorney-client privilege with respect to any communication with any other attorney or a waiver of the attorney-client privilege with respect to any topic other than the Mehler/RVG Legal Advice.

  c. The proposed order shall be binding on and enforceable against any person or entity which (i) has knowledge or actual notice of the contents of this Order and (ii) participates in or is present at the Newberry deposition or the March 30 mediation or subsequently receives any document marked "Confidential."

  d. This Court shall reserve and have (i) the exclusive right to resolve any dispute regarding the interpretation or scope of, or an alleged or potential violation of, the proposed Rule 502(d) order and (ii) the authority to sanction any person or entity which is bound by such order.

  e. The Receiver, PCI and Mr. Newberry shall have the right to request that the Court amend the proposed order, or any provision hereof, for good cause.

6. The undersigned has conferred with Receiver's counsel and PCI's counsel. Receiver's counsel does not object to entry of an order in the form circulated to Receiver's counsel, and PCI's counsel consents to entry of such order.

**WHEREFORE**, Mr. Newberry respectfully requests that the Court enter an order pursuant to Rule 502(d) of the Federal Rules of Evidence containing the provisions set forth in Paragraph 5, above, and grant Mr. Newberry such additional relief as the Court deems reasonable and just.

March 13, 2015

**s/ Bradley E. Pearce**

Bradley E. Pearce
Pearce Law PLLC
NC State Bar No. 18368
PO Box 18368
Charlotte, NC 28216
704.910.6385
(f) 704.495.6662
brad@bepearcelaw.com

*Counsel for Brian Newberry*

# CETRTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion has been served on the date hereof on all proper parties by ECF.

March 13, 2015.

                                           **s/ Bradley E. Pearce**

                                         Bradley E. Pearce
                                         Pearce Law PLLC
                                         NC State Bar No. 18368
                                         PO Box 18368
                                         Charlotte, NC 28216
                                         704.910.6385
                                         (f) 704.495.6662
                                         brad@bepearcelaw.com

                                         *Counsel for Brian Newberry*