IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:12-CV-519

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> REX VENTURE GROUP, LLC d/b/a ZeekRewards.com and PAUL BURKS, <br><br> Defendants. | |

### RULE 502(D) ORDER FOR (I) THE DEPOSITION OF BRIAN NEWBERRY AND (II) THE MEDIATION AMONG THE RECEIVER, PLASTIC CASH INTERNATIONAL, INC. AND BRIAN NEWBERRY

THIS MATTER is before the Court upon the motion of Brian Newberry for entry of an order pursuant to Rule 502(d) of the Federal Rules of Evidence with respect to the Consent Order of January 12, 2015 (Doc. No. 324), whereby Plastic Cash International, Inc. and Brian Newberry have agreed to produce certain documents to the Receiver in connection with the deposition of Mr. Newberry and the mediation scheduled for March 30, 2015.

The Court finds and concludes that the relief granted herein is reasonable, just and authorized by Rule 502(d) of the Federal Rules of Evidence.

NOW, THEREFORE, the Court orders as follows:

1. Brian Newberry or Plastic Cash International, Inc. ("**PCI**") may produce documents to the Receiver and others in connection with the March 17, 2015 deposition of Mr. Newberry and the March 30, 2015 mediation, containing or regarding financial

information regarding Mr. Newberry or PCI (including without limitation financial statements and tax returns) or other sensitive information ("**Confidential Information**"). In addition, Mr. Newberry's testimony at his deposition schedule for March 17, 2015 may contain Confidential Information. Any Confidential Information produced or presented at or in connection with the Newberry deposition or the mediation may not be used for any purpose other than the mediation or disclosed to any other person without (i) the prior written consent of Mr. Newberry or PCI or (ii) order of the Court **provided, however,** that (a) the Receiver and those acting on his behalf may use Confidential Information in this case or related proceedings before this Court if such Confidential Information is filed under seal and (b) any such use of Confidential Information by the Receiver or those acting on his behalf shall be without prejudice to PCI's or Newberry's rights to object to the use or consideration of such Confidential Information for any reason other than the fact that such Confidential Information was produced in connection with the mediation. Counsel for Newberry and PCI shall be responsible for marking such documents (including relevant portions of the deposition transcript) as "Confidential."

2. PCI and Mr. Newberry may seek to introduce evidence of or testify about legal advice given to them by Mr. Scott Mehler with respect to Rex Venture Group, the Receivership, or the Agreed Order entered in this case ("**Mehler/RVG Legal Advice**"). Neither the production of documents nor the deposition testimony of Mr. Newberry containing or regarding Mehler/RVG Legal Advice shall constitute a waiver of PCI's or Mr. Newberry's right to assert the attorney-client privilege with respect to any

communication with any other attorney or a waiver of the attorney-client privilege with respect to any topic other than the Mehler/RVG Legal Advice.

3. This Order shall be binding on and enforceable against any person or entity which (i) has knowledge or actual notice of the contents of this Order and (ii) participates in or is present at the Newberry deposition or the March 30 mediation or subsequently receives any document marked "Confidential."

4. This Court reserves and has (i) the exclusive right to resolve any dispute regarding the interpretation or scope of, or an alleged or potential violation of, this Order and (ii) the authority to sanction any person or entity which is bound by this Order under the foregoing Paragraph 3 and which may be found to have violated this Order.

5. The Receiver, PCI and Mr. Newberry shall have the right to request that the Court amend this Order, or any provision hereof, for good cause.

Signed: March 16, 2015

Graham C. Mullen
United States District Judge