IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>REX VENTURE GROUP, LLC )<br>d/b/a ZEEKREWARDS.COM, and )<br>PAUL BURKS, )<br>)<br>Defendants. ) | Civil Action<br>No. 3:12-CV-519 |

This matter is before the Court upon the Receiver's Motion for an Order Directing NxSystems, Inc. to Turn Over Receivership Assets and/or Find it in Contempt of the Court's Agreed Order. (Doc. No. 291). The Receiver seeks $9,069,446.52 in alleged Receivership Assets that NxSystems, Inc. ("NxPay") has failed to turn over to the Receiver. NxPay disputes that these funds are Receivership Assets subject to the Agreed Order, and argues that a summary proceeding under the Agreed Order is not the appropriate way to make this determination. NxPay would have the Receiver file a separate action against NxPay such that NxPay would have a full and fair opportunity to present their claims and defenses.

In cases involving equity receiverships, the district court has broad powers and wide discretion in supervising the receivership, determining the appropriate procedures to be used in its administration, and fashioning appropriate relief. *S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992); *S.E.C. v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). In determining appropriate procedures, in the interest of judicial efficiency, it is often necessary for the district court to use

1

summary proceedings. *Elliott*, 953 F.2d at 1566. Resolving issues through summary proceedings "reduces the time necessary to settle disputes, decreases litigation costs, and prevents further dissipation of receivership assets." *Id*.

While the term "summary" indicates an abbreviated procedure, it does not mean that there is no procedure or an absence of due process. *Id*. at 1567. The structure of such hearings is left to the discretion of the district court as long as the parties have the opportunity to present evidence as to disputed facts and to make arguments regarding those facts. *Id*.

The Court finds that NxPay's due process rights can and will be fully protected in a summary proceeding within the context of the contempt motion as requested by the Receiver. The Motion necessarily involves the interpretation and application of the Agreed Order, and requiring the Receiver to file a separate action would be costly and inefficient.

The parties are directed to appear for a status conference before the Court on June 24, 2015, at 10:30 a.m. in Courtroom 2-2 of the United States District Court in Charlotte. The parties should be prepared to discuss the scheduling of the contempt hearing and whether any discovery is necessary prior to the hearing.

Moreover, the Court finds it appropriate to freeze and safeguard these assets until a final disposition can be made. Accordingly, NxPay is directed to pay the amount of $9,069,446.52 to the Receiver within five days of the date of this Order to be held in a segregated account. The Receiver shall consider these funds to be frozen funds not to be used or distributed in any manner until a final resolution of this Motion or further Order of the Court.

Signed: June 1, 2015

Graham C. Mullen
United States District Judge