IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

vs.

REX VENTURE GROUP, LLC
d/b/a ZEEKREWARDS.COM, and
PAUL BURKS,

    Defendants.

Civil Action No. 3:12 cv 519

**CONSENT ORDER APPROVING SETTLEMENT AGREEMENTS
WITH PLASTC CASH INTERNATIONAL, BRIAN NEWBERRY, BBN HOLDINGS,
LLC AND TRAVELERS CASUALTY AND SURETY COMPANY**

This matter is before the Court upon the Receiver's Motion to Approve Settlements and Proposed Consent Order filed May 29, 2015. The Court has reviewed the motion and proposed settlements and finds that the proposed settlements are fair and equitable and are in the best interests of the Zeek victims. Accordingly, the Court will grant the motion.

**ORDER**

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that:

1.     the Receiver's Motion to Approve Settlements and Enter Proposed Consent Order is hereby **GRANTED**;

2.     the Settlement Agreements attached to the motion are approved, and the Receiver is hereby authorized to perform according to the terms of those Settlement Agreements;

3. The Receiver, Plastic Cash International ("PCI"), Brian Newberry and BBN Holdings LLC have agreed to the following statement:

The Receiver and his representatives have thoroughly investigated PCI and its principal, Brian Newberry. PCI entered into a written agreement with Rex Venture Group ("RVG") on May 30, 2012 and transacted business with RVG until at least August 13, 2012. PCI received at least $9,018,912 from participants in the ZeekRewards scheme as "monthly payments" made in the course of and in furtherance of their participation in the scheme ("Zeek Program Funds"). As of August 18, 2012, the day after the Freeze Order was entered, PCI retained at least $8,000,000 of the Zeek Program Funds. PCI and Mr. Newberry acknowledge that they became aware of the SEC Action and Receivership in August 2012 and now agree that the funds held by PCI at the time of the Freeze Order were subject to the Freeze Order. However, at the time they first became aware of the SEC Action they were advised by their counsel that PCI had no obligation to communicate with the Receiver or take any action to freeze the funds. On the advice of and in reliance on their legal counsel, PCI did not timely contact the Receiver or freeze the remaining Zeek Program Funds. Also, following the entry of the Freeze Order, PCI made payments to, or offsets were taken by, SecureNet, Visa, Vantage Payments, HPC and others out of or against the funds that were subject to the Freeze Order. Prior to the payment of these funds, PCI had discussed the fact of RVG's shut down and the existence of the SEC Action with these entities so they demanded and accepted (or directly took from PCI's accounts) these funds with knowledge of the SEC Action.

Based on what it has learned in this investigation and PCI's and Newberry's representations and sworn testimony, the Receiver now accepts PCI's and Mr. Newberry's long held position that they entered into PCI's agreement with RVG in the good faith belief that RVG was a legitimate business based on the representations of RVG's executives and agents. The Receiver withdraws any claim or assertion that PCI or Mr. Newberry intentionally or knowingly perpetuated, participated in or aided or abetted any fraud or breach of fiduciary duty or intended not to comply with any court order or law. Indeed, it appears that Mr. Newberry and PCI suffered significantly as a result of their involvement with RVG.

Signed: June 1, 2015

Graham C. Mullen
United States District Judge