IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-519

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

vs.

REX VENTURE GROUP, LLC
d/b/a ZEEKREWARDS.COM, and
PAUL BURKS,

      Defendants.

## MEMORANDUM IN SUPPORT OF NXSYSTEMS, INC.'S MOTION FOR PARTIAL RELIEF FROM THE COURT'S JUNE 1, 2015 ORDER

NxSystems, Inc. ("NxPay") respectfully submits this Memorandum in Support of its Motion for Partial Relief from the Court's June 1, 2015 Order. [ECF Doc. No. 368]

NxSystems brings its motion for partial relief from this Court's June 1, 2015 Order based upon Rule 54(b) of the Federal Rules of Civil Procedure or otherwise pursuant to the Court's broad powers and wide discretion to fashion appropriate relief in cases involving equity receiverships. District courts have wide discretion to set aside interlocutory orders prior to the entry of a final judgment. Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). "Accordingly, Rule 54(b) allows the Court to 'revisit interlocutory orders at any time prior to final judgment . . . when justice requires it, but [such reconsideration] is discretionary . . .'."

*Slate v. Byrd*, 1:09-cv-852, 2013 U.S.Dist.LEXIS 69900 (MDNC 2013) (quoting *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 473-74 (MDNC 2003)); *see also*, *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991). Motions for relief from interlocutory orders are not subject to the stricter standards applicable to those of final judgments. *Saint Annes Dev. Co. v. Trabich*, 443 F. App'x 829, 831-33 (4th Cir. 2011); *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) (citing 12 Moore's Federal Practice § 60.23). Further, "interlocutory judgments are not brought within the restrictions of the rule [60(b)], but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." FED. R. CIV. P. 60 advisory committee's note. On a motion for relief from of an interlocutory order, the court that rendered the order has the plenary power to afford such relief from the order as justice requires. *See Fayetteville Investors*, 936 F.2d at 1473.

Here, NxPay is not financially able to comply with the portion of the Court's Order that requires it to transfer $9,069,446.52 to the Receiver to be frozen and held pending final resolution of this dispute. As the Declaration of Michael Busher, Chairman of the Board of Directors of NxSystems, Inc., and Statement of Affairs attached to the Motion as <u>Exhibit 1</u>, reflects, NxPay currently does not have the financial resources to otherwise fund a deposit of $9,069,446.52. As a result, NxPay seeks relief based upon its inability to comply with the Court's Order.

Finally, in spite of NxPay's dire financial circumstances, in an effort to nevertheless comply as fully as possible with the Court's Order, on June 8, 2015, NxPay made arrangements to wire transfer $1 million dollars to the Receiver's account. As more fully reflected in Mr. Busher's Declaration, these funds are made up the remaining $399,000.00 balance of frozen

funds, approximately $301,000.00 from NxPay corporate cash, as well as approximately $300,000.00 from the partial repayment of a $1.56 million dollar receivable from a related entity for the balance of the purchase price for a business operating platform. This loan repayment is being made directly to the Receiver at this time for the express purpose of providing NxPay with additional funds to more fully comply with the Court's June 1, 2015 Order.

In conclusion, NxPay, a nonparty to the underlying SEC action and an additional victim of RVG, who has cooperated with the Receiver from the outset, has voluntarily transferred in excess of $22 million dollars prior to this additional transfer of $1 million dollars. NxPay disputes that the additional funds sought by the Receiver or transferred today by NxPay are Receivership Assets, or that any other funds are lawfully owed by NxPay, but is takes Orders of the Court very seriously. It is simply financially incapable of paying over $9 million dollars. As such, NxPay respectfully requests partial relief from the remaining amount ordered to be transferred.

Respectfully submitted, this the 8th day of June, 2015.

/s/Norris A. Adams, II
NORRIS A. ADAMS, II
**ESSEX RICHARDS, P.A.**
1701 South Boulevard
Charlotte, NC 28203-4727
Phone: 704/377-4300
Facsimile: 704/372-1357
E-mail: nadams@essexrichards.com
N.C. State Bar No. 32552

*Attorney for NxSystems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing using the CM/ECF system, will send electronic copies to counsel of record registered to receive electronic service.

This the 8th day of June, 2015.

/s/Norris A. Adams, II
NORRIS A. ADAMS, II