IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS,<br><br>Defendants, | No. 3:12-CV-519 |

ORDER GRANTING RECEIVER'S MOTION TO ENFORCE
STAY OF ANCILLARY PROCEEDINGS WITH REGARD TO
CERTAIN ARKANSAS REAL PROPERTY

Before the Court is the Receiver's Motion to Enforce Stay of Ancillary Proceedings With Regard to Certain Arkansas Real Property (the "Motion"). The Motion relates to a civil lawsuit pending in Division IV of the Circuit Court of Johnson County, Arkansas, entitled *Dawn Wright-Olivares and Alexandre DeBrantes v. Ben Powell Construction, LLC, and Michael Benjamin Powell* (CV-2013-31) involving real property (the "Property") purchased by former officers of the Receivership Defendant, using funds received from the Receivership Defendant, and later assigned to the Receiver in partial satisfaction of a settlement with the Receivership Estate.

Among other claims, the proceedings in *Wright-Olivares v. Powell* involve a counterclaim to enforce a lien on the Property (the "Lien") which was recorded months after entry of this Court's Aug. 17, 2012 Agreed Order Appointing Temporary Receiver And Freezing Assets of Defendant Rex Venture Group, LLC (Doc. No. 4, the "Initial Receiver Order"), which prohibited such liens.

The Receiver asks the Court to issue an order holding that the Property is Receivership Property as defined in the Initial Receiver Order, and therefore subject to the stay of litigation and injunctions against interference with Receivership Property set forth in the Initial Receiver Order.

Having considered the Receiver's Motion, it is HEREBY ORDERED that the Receiver's Motion is GRANTED.

It is further ORDERED that:

1. The real property at issue in *Wright-Olivares v. Powell* is Receivership Property as defined in the Initial Receiver Order;

2. The Lien at issue in *Wright-Olivares v. Powell*, any counterclaims seeking to enforce the Lien, and any counterclaims affecting the value of the Property are thus Ancillary Proceedings as defined in Paragraph 32 of the Initial Receiver Order;

3. As such, the Lien, any counterclaims seeking to enforce the lien, and any counterclaims affecting the value of the Property are subject to the stay of litigation set forth in the Initial Receiver Order, which stays all Ancillary Proceedings in their entirety and enjoins all Courts having jurisdiction over such proceedings from taking or permitting any action until further Order of this Court; and

4. Any further attempts to enforce or allow enforcement of the Lien, or to pursue or allow pursuit of counterclaims related to the Lien or counterclaims affecting the value of the Property, are in violation of the stay of litigation and the injunctions set forth therein.

Signed: September 11, 2015

Graham C. Mullen
United States District Judge