# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>v.<br><br>REX VENTURES GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS,<br><br>           Defendants. | Civil Action No. 3:12-cv-519<br><br>ORDER GRANTING RECEIVER'S MOTION TO TURN OVER RECEIVERSHIP ASSETS |

This matter is before the Court on the Receiver's Motion for an Order Directing Sooper Credit Union to Turn Over Receivership Assets ("Motion") (Doc. 421). The Receiver's Motion and supporting Memorandum of Law ("Supporting Memorandum") (Doc. 422) were filed on September 4, 2015. The Motion and Supporting Memorandum were served on Sooper Credit Union ("Sooper) by Federal Express delivery on September 8, 2015. Sooper failed to respond within the time allowed or at all. (Doc. 466)

In cases involving equity receiverships, the district court has broad powers and wide discretion in supervising the receivership, determining the appropriate procedures to be used in its administration, and fashioning appropriate relief. *S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992); *S.E.C. v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). In determining appropriate procedures, in the interest of judicial efficiency, it is often necessary for the district court to use summary proceedings. *Elliott*, 953 F.2d at 1566. Resolving issues through summary proceedings "reduces the time necessary to settle disputes, decreases litigation costs, and prevents further dissipation of receivership assets." *Id*.

While the term "summary" indicates an abbreviated procedure, it does not mean that there is no procedure or an absence of due process. *Id.* at 1567. The structure of such proceedings is left to the

discretion of the district court as long as the parties have the opportunity to present evidence as to disputed facts and to make arguments regarding those facts. *Id*.

Sooper's due process rights are fully protected in a summary proceeding in the context of the Receiver's Motion. The Motion necessarily involves the interpretation and application of the Agreed Order, and requiring the Receiver to file a separate action would be costly and inefficient. Sooper was served with the Motion and had actual notice of the proceeding. By failing to respond to or otherwise defend against the Receiver's Motion, Sooper waived its opportunity to do so.

The Receiver's motion and supporting documents establish that Sooper failed to turn over the proceeds of two cashier's checks payable to Defendant Rex Venture Group, LLC ("RVG") totaling $2,200 that are Receivership Assets. On July 13, 2012, Sooper issued cashier's check #202551 ("Check 551") in the amount of $200 payable to "REX VENTURE GROUP LLC". The Receiver deposited Check 551 on September 10, 2012 and Sooper returned the check as a "stop payment" item on September 13, 2012. Similarly, on July 30, 2012, Sooper issued cashier's check #411014 ("Check 014") in the amount of $2,000, payable to "REX VENTURE GROUP LLC". The Receiver deposited Check 014 on August 29, 2012 and Sooper returned check 014 as a stop payment item on September 4, 2012.

As set out in the Receivers' Motion and Supporting Memorandum, Sooper "stopped payment" and returned Check 551 and Check 014 during the ninety-day period in which Sooper could not lawfully recognize any claim to the items. Colorado Code § 4-3-312. In sum, Articles 3 and 4 of the Colorado Uniform Commercial Code entitle the Receiver to enforce Check 551 and Check 014 against Sooper.

For these reasons, the Court finds that Sooper Cashier's Checks #202551 and #411014 are Receivership Assets, Sooper acted unlawfully by refusing to honor the checks and the Receiver's motion should be granted.

IT IS THEREFORE ORDERED that Receiver's Motion for an Order Directing Sooper Credit Union to Turn Over Receivership Assets is hereby GRANTED. Sooper is hereby directed to turn over to the Receiver the sum of $2,200.00 that represents proceeds of Cashier's Checks #202551 and #411014 within thirty (30) days from the entry of this Order.

Signed: February 9, 2016

Graham C. Mullen
United States District Judge