IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS, <br><br> Defendants, | No. 3:12-CV-519 |

## THE RECEIVER'S SEALED EX PARTE MOTION FOR AN ORDER DIRECTING PAYZA, PAYMENT WORLD, AND VICTORIABANK TO TURN OVER RECEIVERSHIP ASSETS AND/OR FIND THEM IN CONTEMPT OF THE COURT'S ORDER FREEZING AND PRESERVING RECEIVERSHIP ASSETS

Kenneth D. Bell, Court-appointed Receiver ("Receiver") of Rex Venture Group, LLC d/b/a ZeekRewards.com ("RVG" or "Rex Venture Group"), respectfully submits this Memorandum in support of his Motion for an Order directing (1) Payza and MH Pillars Ltd. (collectively, "Payza"); (2) Payment World LLC ("Payment World US") and ICS Payment World, Ltd. SRL ("Payment World Moldova") (collectively, "Payment World"); and (3) VictoriaBank, S.A. ("VictoriaBank") (collectively with Payza and Payment World, "Respondents") to turn over Receivership Assets and/or find them in contempt of the Court's Agreed Order Appointing Temporary Receiver and Freezing Assets of Defendant Rex Venture Group, LLC (the "Motion").

Payza and Payment World are payment processing companies that facilitated the ZeekRewards Ponzi scheme in furtherance of their own financial interest. Together, Payza and PaymentWorld processed affiliates' credit card transactions to deposit money in ZeekRewards for ZeekRewards affiliates worldwide. VictoriaBank, which is based in Moldova and holds correspondent bank accounts worldwide to facilitate its business, including at The Bank of New York Mellon in New York, also facilitated the payment processing of RVG transactions. Specifically, a percentage of the payments processed by Payza and Payment World were held on reserve at VictoriaBank in Moldova for a period of time to cover any potential chargebacks, reversals, or other potential risks.

The outstanding amount of Receivership Assets from this processing relationship is $13,174,015.48. For the past 3.5 years, the Receiver Team has worked diligently and devoted significant time and resources in its investigation, analysis, and various other efforts to reconcile and recover these outstanding funds, including negotiations with each of the Respondents and coordination with United States and Moldovan government authorities.

In direct violation of the Freeze Order, and despite repeated requests from the Receiver, the Respondents refuse to pay the Receivership Estate the outstanding assets, and, based on recent developments in the Receiver's investigation, there is an open question as to whether the Receivership Assets held on reserve at VictoriaBank remain or were transferred from the account.

For the reasons set forth herein and in the accompanying Memorandum, the Court should grant the Receiver's Motion, find the Respondents jointly and severally liable for the outstanding Receivership Assets and order them to pay the $13,174,015.48 they failed to freeze and return to

the Receivership Estate,[1] and/or find the Respondents in contempt for violating the Court's August 17, 2012 Agreed Order Appointing Temporary Receiver and Freezing Assets of Defendant Rex Venture Group, LLC, as amended on August 30, 2012 ("Agreed Order" or "Freeze Order").

Pending the Court's consideration and resolution of the merits of the Motion, the Court should order an immediate freeze on VictoriaBank's correspondent bank account at the Bank of New York Mellon in New York up to the amount of $13,174,015.48 in outstanding Receivership Assets. In the event the correspondent bank account does not contain the full $13,174,015.48, the Court should order Respondents to deposit the difference with the Receiver to be held in a segregated account pending resolution of this Motion. Alternatively, the Receiver requests that the Court order the Respondents immediately to deposit at least $13,174,015.48 with the Receiver to be held in a segregated account pending final resolution of this dispute to safeguard the funds for the protection of all parties and the RVG victims. The Receiver also requests that the Court award the Receivership the costs and fees incurred in having to bring the present Motion.

Should the Court grant the Receiver's Motion, to avoid further dissipation of assets, the Receiver respectfully requests that the Court issue any Order on this Motion requiring a freeze of the correspondent bank account or immediate remittance of assets under seal and not enter it on the electronic docket until the Receiver has had the opportunity to notify Respondents of the Order and their corresponding responsibilities.

Respectfully submitted this 11th day of February, 2016.

---

[1] The Receiver continues to reserve any and all other rights, claims, and remedies with respect to these entities, and/or any of its employees, agents, or affiliates for any reason whether or not raised in the present Motion.

By: /s/ *Matthew J. Hoefling*
Kenneth D. Bell
N.C. State Bar No. 10800
Matthew J. Hoefling
N.C. State Bar No. 29272
MCGUIREWOODS LLP
201 North Tryon Street, Suite 3000 (28202)
Post Office Box 31247
Charlotte, North Carolina 28231
Telephone: 704-373-4620
Facsimile: 704-373-8836
kbell@mcguirewoods.com

Jennifer L. Farer
Admitted *pro hac vice*
MCGUIREWOODS LLP
2001 K Street NW
Suite 400
Washington, DC 20006
Telephone: 202-857-1708
Facsimile: 202-828-3336
jfarer@mcguirewoods.com

*Court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com*

4

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing *ex parte* under seal. Pursuant to Local Rule 5.2.1(B), with the Court's permission, it is not being filed electronically.

This the 11th day of February, 2016.

/s/ Matthew J. Hoefling
Matthew J. Hoefling

5

Case 3:12-cv-00519-GCM   Document 469   Filed 02/12/16   Page 5 of 5