IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>REX VENTURES GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS,<br><br>Defendants. | Civil Action No. 3:12-cv-519<br><br>MEMORANDUM OF LAW IN SUPPORT OF RECEIVER'S MOTION TO SEAL |

## INTRODUCTION

On February 29, 2016, the Receiver for Rex Venture Group, LLC ("RVG") entered into a pre-suit, written settlement agreement with NewBridge Bank (the "Settlement Agreement"). NewBridge was previously a bank for RVG. By its terms, the Settlement Agreement is expressly subject to approval by this Court and also provides that the terms of settlement will remain confidential unless and until approved by the Court. The Receiver seeks to file the Receiver's Motion to Approve Settlement Agreement with NewBridge Bank (the "Motion to Approve Settlement") and the underlying Settlement Agreement under seal pending approval of the settlement. Filing under seal is necessary for the Receiver to comply with the Settlement Agreement and to maintain confidentiality of terms and analysis until approval of the settlement.

## LEGAL STANDARDS

Although there is a common law presumption in favor of access to judicial records, this presumption may be overcome if competing interests outweigh the interest in access. *Stone v.*

1

*Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). In *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000), the Fourth Circuit noted that a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." (Internal quotation marks omitted). However, there is a presumption in favor of public access to court records. *Id.* In order to seal documents, the court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

Local Civil Rule 6.1(C) requires a motion to seal or supporting brief to set forth the following:

> (1) a non-confidential description of the material sought to be sealed;
>
> (2) a statement as to why sealing is necessary and why there are no alternatives to filing under seal;
>
> (3) unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and
>
> (4) supporting statutes, case law or other authority.

L.Civ.R. 6.1(C) (2012).

## ARGUMENT

The Receiver's public Motion to Seal and response permitted under Local Rule 7.1 provide notice and opportunity to any interested party to be heard on the request to seal.

2

The Motion to Approve Settlement includes procedural history, a description of the claims asserted against NewBridge and a summary of the Receiver's rationale for entering into the Settlement Agreement. The Settlement Agreement reflects the pre-suit, written settlement terms between the Receiver and NewBridge Bank. The Settlement Agreement provides that it is to remain confidential until it is approved by the Court and that it will terminate if not approved.

Competing interests sufficient to seal a document are present when the Court is dealing with a confidential settlement document. *See Boone v. City of Suffolk, Va.*, 79 F. Supp. 2d 603, 607 (E.D. Va. 1999) ("[C]ivil settlement terms are usually not reflected in court documents and confidentiality requests are customarily honored."); and *Vista India, Inc. v. Raaga*, LLC, CIV. A. 07-1262 HAA, 2008 U.S. Dist. LEXIS 24454 (D.N.J. Mar. 27, 2008) ("Public access to materials filed with the court may also be restricted to keep private agreements confidential."); *see also Agdata v. Hartford Fire Ins. Co.*, 3:13-cv-00052-FDW-DSC, 2013 U.S. Dist. LEXIS 82647, *2 (W.D.N.C. June 12, 2013, Cayer, M.J.) (sealing settlement agreement filed as exhibit to complaint).

Here, there are adequate grounds to overcome the presumptive right of access. The Motion to Approve Settlement and the underlying Settlement Agreement reflect the terms of settlement that are confidential and which will be null and void if the settlement is not approved. If the settlement is not approved, there is no express right of access to documents containing details of private negotiations that do not result in an agreement for the Receivership estate.

The motion also includes the Receiver's summary analysis of issues and claims for the purpose of seeking court approval. If the Court denies the Motion to Approve Settlement, then the Settlement Agreement will terminate and litigation will ensue. In that event, it will be harmful to the estate for the Receiver's analysis of issues and claims to be made public and available to

3

NewBridge. Additionally, the parties to the Settlement Agreement agreed in good faith that the Motion and Settlement Agreement would remain confidential until approval by the Court.

The public's presumptive right to access information does not, at least in this instance, trump the parties' contractual rights to maintain a confidential settlement pending approval by the Court or the Receiver's need to preserve and protect confidentiality of analysis of issues and claims if the Motion to Approve Settlement is denied.

There are no adequate alternatives to filing under seal that will protect confidentiality and allow the Court to review the basis for and terms of settlement. Disclosure to the Court is necessary for the Court to review the settlement. At the same time, confidentiality of the documents is necessary to protect the settling parties' contract rights and the Receiver's litigation analysis if the settlement is not approved. Filing under seal is the only means to protect these interests.

If the Motion to Approve Settlement is granted, the period for which the Motion to Approve Settlement and Settlement Agreement are under seal should terminate with the order approving the settlement.

If the Motion to Approve Settlement is denied, the Motion to Approve Settlement and Settlement Agreement should remain (permanently) under seal until the earlier of (a) the end of litigation that will be filed by the Receiver against NewBridge on the claims described in the Motion to Approve Settlement, or (b) until a future settlement of claims against NewBridge is approved by the Court. If the Motion to Approve Settlement is denied, the continuing confidentially of the documents will facilitate the resolution of the dispute between the Receiver and NewBridge.

## **CONCLUSION**

There are competing interests that outweigh the public's right to access the Motion to Approve Settlement and the Settlement Agreement prior to approval or if the motion is denied. Accordingly, the Court should grant the Receiver's Motion to Seal and permit the Motion to Approve Settlement and the Settlement Agreement to be filed under seal.

Respectfully submitted this the 1st day of March, 2016.

/s/Joseph W. Moss, Jr.
Joseph W. Moss, Jr.
N.C. Bar No. 20236
Erwin Bishop Capitano & Moss, P.A.
4521 Sharon Road, Suite 350
Charlotte, N.C. 28211
Email: jmoss@ebcmlaw.com
Telephone: (704) 716-1200
Facsimile: (704) 716-1201
Attorney for KENNETH D. BELL, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com

## CERTIFICATE OF SERVICE

For parties who will receive notice via the ECF system, I certify that this document was filed using the CM/ECF system which will send electronic copies to counsel of record registered to receive electronic service.

This the 1st day of March, 2016.

*/s/*Joseph W. Moss, Jr.
Joseph W. Moss, Jr.
