IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV519

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court upon the Receiver's Motion for an Order Directing Valley National Bank to Turn Over Receivership Assets or to Appear and Show Cause Why it Should Not be Held in Contempt for Violation of the Court's Orders Freezing and Preserving Receivership Assets. (Doc. No. 385). Valley National Bank made a limited appearance by filing a memorandum in opposition to the Receiver's motion, arguing that the Court lacks personal jurisdiction over the Bank, as it has no minimum contacts with North Carolina.

In cases involving federal equity receiverships, the court acquires nationwide jurisdiction based upon the interaction of 28 U.S.C. § 754 and 28 U.S.C. § 1692. *Quilling v. Gilliland*, 2006 U.S. Dist. LEXIS 8480, at *3 (W.D.N.C. 2006). Minimum contacts are not necessary. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, this Court can obtain personal jurisdiction over a citizen of a foreign state, as long as such jurisdiction is pursuant to a federal statute that provides for extraterritorial service of process upon an individual not residing or located within the forum state. 28 U.S.C. §§ 1692 and 754 provide for such extraterritorial service of process,

provided the Receiver has met the filing requirements of 228 U.S.C. § 754. The Receiver has timely met the filing requirements as demonstrated in his motion. Accordingly, the Court finds that this Court has personal jurisdiction over Valley National Bank.

While Valley National Bank's response to the Receiver's motion only addressed jurisdictional issues, it reserved the right to address the substantive issues raised by the Receiver's motion. Accordingly, Valley National Bank is hereby directed to file a response to the Receiver's motion within fourteen days addressing the substantive arguments therein. The Court will thereafter schedule a hearing.

IT IS SO ORDERED.

Signed: April 5, 2016

Graham C. Mullen
United States District Judge