IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

REX VENTURE GROUP, LLC d/b/a
ZEEKREWARDS.COM, and PAUL BURKS,

    Defendants.

Case No. 3:12-cv-519

# REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO VACATE ORDER STAYING DISSOLUTION OF FEBRUARY 12, 2016 FREEZE ORDER

Non-Party Banca Comerciala Victoriabank SA ("Victoriabank" or the "Bank"), appearing specially, hereby submits its Reply Memorandum in Further Support of Motion to Vacate Order Staying Dissolution of February 12, 2016 Freeze Order ("Motion").

## INTRODUCTION

The Receiver's Response to Victoriabank's Motion argues that Victoriabank's request is unprecedented. However, what is truly unprecedented is the Receiver's continuing effort to flout fundamental notions of due process. The Receiver began this saga by avoiding the courts of the Republic of Moldova – a sovereign nation that has courts and has laws – apparently because of a fear, based solely on prejudice and stereotyping, of the results (or lack thereof) he might obtain in those courts. (May 3, 2017 Hearing Tr. at 37-38.) The Receiver then, on an *ex parte* basis without notice to anyone, and without even service of any process upon anyone, convinced this Court to issue the February 12, 2016 Freeze Order ("Freeze Order"), which resulted in a freeze upon over $13 Million of funds in Victoriabank's correspondent bank account at BNY Mellon.

31652412

Fifteen months later, after extensive discovery conducted by the Receiver, multiple rounds of briefing, and two hearings, the Court found – correctly – that it had no jurisdiction over Victoriabank, and dissolved the Freeze Order, holding the dissolution in abeyance until the Receiver had the opportunity to appeal. Upon the Receiver's appeal, the Court *sua sponte* stayed the Freeze Order's dissolution.[1] It did so without consideration of any of the factors that should inform an order suspending, modifying, restoring, or granting an injunction pending appeal. This was error – instead, the Court should have allowed the Receiver to seek the stay under Fed. R. Civ. P. 62(c), and then considered whether the Receiver had met Rule 62's requirements.

The Receiver seeks to compound this error by allowing the pre-judgment seizure of assets belonging to a foreign non-party over whom the Court has no jurisdiction – seizure without notice or the opportunity to be heard – to continue while this matter winds its way through the appellate process. This is not how justice in the courts of the United States operates.

The Court should correct its error by engaging (albeit belatedly) in the Rule 62 analysis which the Receiver should have, but did not, invoke. Inasmuch as that analysis shows that the Receiver is not entitled to continuation of the Freeze Order pending appeal, the Court should vacate its Order Staying Dissolution of February 12, 2016 Freeze Order.

---

[1] The Receiver's Response to Victoriabank's Motion ("Receiver's Resp.") suggests that the Court indicated an intent to enter a stay pending appeal during the May 3, 2017 hearing on Victoriabank's Motion to Dismiss ("May 3, 2017 Hearing"). The Court made no such indication at the May 3, 2017 Hearing. Instead, the Court indicated it would hold "in abeyance for a period of 30 days the effect of this opinion giving the receiver that amount of time in which to file an appeal should [he] desire to do so. . . ." (May 3, 2017 Hearing Tr. at 45:15-24.) The Receiver should have sought a stay in conjunction with filing his appeal.

# ARGUMENT

The Receiver's principal argument appears to be that the Court, by acting *sua sponte*, may not be questioned in the "suspension" of its Order dissolving an injunction. (Receiver's Resp. at 3-4.) But this is clearly incorrect. Victoriabank acknowledges that this Court has discretion to enter a stay pending appeal under Fed. R. Civ. P. 62(c).[2] However, in exercising its discretion, the Court is bound by the parameters outlined in *Hilton v. Braunskill*. The Court must consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

481 U.S. 770, 776 (1987). This Court has not previously explicitly evaluated the *Hilton* factors in connection with its ruling to stay the 2016 Freeze Order pending appeal and, in fact, an analysis of the *Hilton* factors cannot support a stay pending appeal under the circumstances.

The Receiver also suggests, based upon *Richardson v. North Carolina*, No. 5:07-HC-2099-FL, 2008 WL 2397309 (E.D.N.C. June 12, 2008), that he need not even meet each of the *Hilton* factors. In this the Receiver hearkens back to the old *Blackwelder* "balance-of-hardship" test established by the Fourth Circuit in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195 (4th Cir. 1977). The *Blackwelder* test was found by the Fourth Circuit to be in conflict with the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365 (2008). *See Real Truth About Obama, Inc. v. Fed. Election*

---

[2] *See* Victoriabank's Memorandum in Support of Motion to Vacate Order Staying Dissolution of February 12, 2016 Freeze Order ("Victoriabank's Br.") at 3.

*Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009)[3]; *see also Campbell Sales Group, Inc. v. Gramercy Park Design, LLC*, No. 1:10CV55, 2010 WL 3945350, at *3 (M.D.N.C. Oct. 6, 2010). Accordingly, on this point the continued validity of the *Richardson* ruling by the Eastern District is certainly questionable. *See, e.g. Diedrich v. City of Newport News*, 2016 U.S. Dist. LEXIS 66864, at *2 (E.D. Va. May 19, 2016) (denying motion for stay under Fed. R. Civ. P. 62 and *Hilton* factors; "The burden of establishing support for each factor falls on the Plaintiff."); *United States v. Wise*, 2016 U.S. Dist. LEXIS 23020, at *5 (E.D.N.C. Feb. 25, 2016) (denying application for stay under Fed. R. Civ. P. 62 and *Hilton* factors; noting stay applicants "bear the burden of proving each of these factors.").

Regardless, inasmuch as each of the *Hilton* factors cuts against a stay, the Receiver still loses.

**I.    Neither the Receiver nor Rex Venture Group Victims Will Suffer Irreparable Injury in the Absence of a Stay.**

The sum total of the Receiver's argument is as follows:

> In the absence of a stay, Victoriabank would be free to close, limit or move the account subject to the Freeze Order which in turn would create significant delays in if not make practically impossible the recovery of the more than $13 million now being frozen, even if the Receiver prevailed on appeal. The harm to the Receivership and its victims from having to substantially delay the closing of the Receivership and final distribution of funds (perhaps for years) while the Receiver chases Victoriabank to recover the money due cannot be known or effectively remedied. Therefore, the Receiver and victims will be irreparably harmed in the absence of a stay.

(Receiver's Resp. at 6-7.)  However, potential difficulty in judgment execution, collection, or recovery absent a stay is not irreparable harm. *See Barrette Outdoor Living, Inc. v. Mich. Resin*

---

[3] Although *Real Truth About Obama* was vacated as moot in *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 78 U.S.L.W. 3624, 3627 (U.S. April 26, 2010), many courts continue to rely on its analysis regarding the invalidity of the *Blackwelder* standard after the Supreme Court's decision in *Winter*. *See, e.g.*, *Campbell Sales*, 2010 WL 3945350, at *3.

- 4 -
31652412

*Representatives, LLC*, 2014 U.S. Dist. LEXIS 53174 (E.D. Mich. Apr. 17, 2014) ("[T]he loss of the ability to collect a money judgment is not usually regarded as irreparable harm."). The possibility of difficulty in judgment collection is not evidence of irreparable harm – it is a possibility faced "by virtually every person who sues another for money damages." *Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc.*, 370 F.3d 151, 163 (1st Cir. 2004) (affirming denial of preliminary injunction where potential difficulty in judgment collection did not constitute irreparable harm).

There are narrow exceptions where a stay pending appeal is appropriate to ensure the availability of funds for judgment execution. For instance, irreparable harm may warrant a stay pending appeal where the claim at issue "involves an obligation owed by an insolvent or a party on the brink of insolvency." *Local 1303-362 of Council 4 v. KGI Bridgeport Co.*, 2014 U.S. Dist. LEXIS 21644, at *6 (D. Conn. Feb. 10, 2014) (denying stay pending appeal where potential difficulty in judgment collection did not constitute irreparable harm). Alternatively, there may be irreparable harm warranting an injunction restraining assets where there is evidence a party is transferring property or funds to dissipate or diminish assets available for judgment execution. *Al-Abood v. El-Shamari*, 71 F. Supp. 2d 511, 516 (1999) (finding no irreparable harm resulting from alleged potential difficulty in judgment collection; noting the Fourth Circuit only finds irreparable harm where there is evidence of dissolution or depletion of assets). However, in order to warrant a stay pending appeal, the possibility of insolvency or depletion of assets must be "actual and imminent" rather than remote or speculative. *Local 1303-362 of Council 4*, 2014 U.S. Dist. LEXIS 21644, at *7. "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." *Charlesbank Equity Fund II, Ltd. P'ship*, 370 F.3d at 162.

Here, there is no evidence that Victoriabank is insolvent or on the brink of insolvency. There is no evidence that Victoriabank is transferring or depleting assets in such a way that would prevent the Receiver from executing on a judgment in the future. All the Receiver has alleged is an unsubstantiated fear – rather than any evidence – that Victoriabank might "close, limit or move" its correspondent bank account at Bank of New York Mellon ("BNY Mellon") in the absence of a stay pending appeal. Such speculation does not establish irreparable harm and cannot support the continued pre-judgment restraint of Victoriabank's assets.

## II. Victoriabank and the Public Interest Will Suffer a Concrete Injury if the 2016 Freeze Order is Stayed Pending Appeal.

"[W]here a plaintiff creditor has no lien or equitable interest in the assets of a defendant debtor, the creditor may not interfere with the debtor's use of his property before obtaining judgment." *United States ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489, 496 (4th Cir. 1999) (citing *Grupo Mexicano De Desarrollo v. Alliance Bond Fund*, 527 U.S. 308 (1999)). It is undisputed that no Receivership Assets have been on deposit at Victoriabank or its BNY Mellon correspondent bank account since November 2, 2015 – at least 3 months prior to the entry of the 2016 Freeze Order. (Supplemental Affidavit of Corneliu Popovici ("Supp. Popovici Aff.") filed June 10, 2016 [ECF 527-1], ¶ 9.) Therefore, the Receiver cannot possibly have a lien or equitable interest with respect to any funds on deposit at Victoriabank or its BNY Mellon correspondent bank account, and a stay of the 2016 Freeze Order pending appeal constitutes an unlawful prejudgment restraint of Victoriabank's assets.

While the Receiver's claimed irreparable injury absent a stay pending appeal is entirely speculative, Victoriabank's injury resulting from a continued pre-judgment restraint of its assets is concrete. In *Barrette Outdoor Living, Inc.*, the district court weighed the plaintiff's alleged irreparable harm absent an injunction against the potential injury suffered by the defendant as a

result of such an injunction. The court concluded the plaintiff's alleged irreparable harm (potential difficulty in judgment collection) was speculative while the potential injury to the defendant (a pre-judgment restraint of assets contrary to *Grupo Mexicano De Desarrollo v. Alliance Bond Fund*, 527 U.S. 308 (1999)) was concrete.

> As noted by *Grupo Mexicano* and its progeny, granting the requested injunctive relief would harm [the defendant] and the public interest, as the requirement that a creditor receive a judgment before being allowed to act upon a debtor's property goes to the substantive rights of all property owners.

*Barrette Outdoor Living, Inc.*, 2014 U.S. Dist. LEXIS 53174, at *11. The court denied the plaintiff's request for an injunction restraining the defendant's funds prior to judgment, concluding that an injunction restraining assets prior to judgment would harm the defendant and the public interest.

A continued pre-judgment restraint of Victoriabank's assets injures both Victoriabank and the substantial public interest in the substantive rights of all property owners.

**III.     The Receiver is Not Likely to Succeed on the Merits.**

"The Receiver believes that he has a strong likelihood of success on appeal." (Receiver's Resp. at 5.) Unfortunately for the Receiver, his own belief does not constitute the "strong showing" of a likelihood of success on appeal required to justify a stay pending appeal. The Receiver spent over a year briefing, conducting jurisdictional discovery, and arguing before this Court to prove that the Court has personal jurisdiction over Victoriabank. **The Receiver lost.** Now, the Receiver urges that the application of *Grayson v. Anderson*, 816 F.3d 262 (4th Cir. 2016), to the facts of this case will lead to a different result before the Fourth Circuit. In *Grayson,* the Fourth Circuit affirmed a district court's order granting a dismissal for lack of personal jurisdiction applying a preponderance of evidence standard following jurisdictional discovery, clarifying that an evidentiary hearing is not necessary under such circumstances. In

fact, *Grayson* supports the precise outcome the district court has already reached in this case, and, therefore, the Receiver's reliance on *Grayson* will not lead to a different result before the Fourth Circuit.

The lack of a strong showing that the Receiver is likely to succeed on appeal weighs against the continued pre-judgment restraint of Victoriabank's assets.

## CONCLUSION

Because each of the *Hilton* factors weighs against the imposition of a stay pending appeal continuing a pre-judgment restraint of non-party Victoriabank's assets, Victoriabank respectfully requests that this Court grant Victoriabank's Motion to Dissolve Order Staying Dissolution of February 12, 2016 Freeze Order. Alternatively, Victoriabank requests that this Court require the Receiver to post a bond pursuant to Fed. R. Civ. P. 62(c) in the amount of $13,174,015.48.[4] Victoriabank also requests that the Court recommend to the Fourth Circuit that the Receiver's appeal be expedited.

---

[4] The Receiver's representation that Victoriabank's Motion is the first time Victoriabank has sought a bond is wrong. Victoriabank made a request for a bond at the June 21, 2016 hearing ("June 21, 2016 Hearing") on this matter, which the Court denied. (June 21, 2016 Hearing Tr. at 33:9-21.)

- 8 -

31652412

Case 3:12-cv-00519-GCM   Document 617   Filed 06/26/17   Page 8 of 10

Respectfully submitted, this 26th day of June, 2017.

By:   *s/ Kiran H. Mehta*
Kiran H. Mehta
NC Bar No. 11011
TROUTMAN SANDERS LLP
One Wells Fargo Center
301 S. College Street, Suite 3400
Charlotte, NC 28202
Telephone: 704.998.4072
Facsimile: 704.998.4051
Email: kiran.mehta@troutmansanders.com

Lindsey B. Mann (*Admitted Pro Hac Vice*)
Kathleen M. Campbell (*Admitted Pro Hac Vice*)
TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
Phone: (404) 885-3000
Facsimile: (404) 885-3900
Email: lindsey.mann@troutmansanders.com
       kathleen.campbell@troutmansanders.com

Attorneys for Movant Banca Comerciala Victoriabank, S.A.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISSOLVE ORDER STAYING DISSOLUTION OF FEBRUARY 12, 2016 FREEZE ORDER** was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 26th day of June, 2017.

      *s/ Kiran H. Mehta*
      Kiran H. Mehta
      North Carolina Bar No. 11011