# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:12-CV-00519-GCM

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    **ORDER**<br>) |
| REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court upon Victoriabank's Motion to Vacate Order Staying Dissolution of February 12, 2016 Freeze Order (Doc. No. 607). The Receiver has filed a Response and Victoriabank has filed a Reply. Accordingly, this matter is ripe for disposition.

**I.**    **Background**

On February 11, 2016, the Receiver filed an *ex parte* motion under seal ("the Receiver's Motion" [ECF No. 469]) requesting an order finding Victoriabank, a foreign nonparty bank, jointly and severally liable for an amount in excess of $13 million and an immediate freeze of Victoriabank's correspondent bank account at Bank of New York Mellon, which holds approximately $13 million dollars. On February 12, 2016, this Court partially granted the Receiver's request and entered an Order freezing those funds ("2016 Freeze Order" [ECF No. 470]). On May 3, 2017, after finding insufficient support for the exercise of personal jurisdiction over Victoriabank, this Court granted a Motion to Dismiss filed by Victoriabank and dissolved the 2016 Freeze Order, but indicated that the Order would be held in abeyance for thirty days to allow

1

the Receiver to determine whether he would appeal the Court's decision. On May 23, the Receiver filed a Notice of Appeal and on May 25, the Court *sua sponte* stayed the dissolution of the 2016 Freeze Order pending the Receiver's appeal. On May 30, Victoriabank filed the present Motion to Vacate the Order Staying Dissolution of February 12, 2016 Freeze Order.

**II.     Discussion**

Federal Rule of Civil Procedure 62(c) allows a trial court to stay an injunction during the pendency of an appeal. Fed. R. Civ. Proc. 62(c). Specifically, the rule authorizes the court to "*suspend*, modify, restore or grant an injunction" pending the appeal of an interlocutory order or final judgment that "grants, *dissolves* or denies an injunction." *Id*. (emphasis added); *see Richardson v. North Carolina*, No. 5:07-HC-2099-FL, 2008 WL 2397309, at *1 (E.D.N.C. June 12, 2008) ("[Federal Rule of Civil Procedure] 62(c) grants the court discretionary power to stay the execution of a judgment pending appeal."). As such, a district court is allowed, and encouraged, to adjust its own injunction pending appeal. *See* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2908 (3d ed.).

Simply put, Rule 62(c) embodies the principle that district courts have an inherent power to maintain the status quo pending appeal. *Id*. at 11 *Fed. Prac. & Proc. Civ*. § 2904; *Pettway v. American Cast Iron Pipe Co*., 411 F.2d 998, 1003 (5th Cir. 1969) ("It is well settled that 62(c) is expressive of the power in the courts to preserve the status quo pending appeal."). Faced with a case that it found to be unclear, this Court granted Victoriabank's Motion to Dismiss thus stopping the Receiver's claims, discovery, and other litigation efforts against the bank, but stayed the dissolution of the Freeze Order until the Court of Appeals has an opportunity to review the case and weigh in on the disputed issues. The Court's exercise of its discretion to stay the

2

dissolution of the Freeze Order is thus well within the wide bounds of Rule 62(c) and fairly maintains the status quo pending appeal.

While the Court believes it correctly found a lack of personal jurisdiction over Victoriabank, the Fourth Circuit may well disagree, in which case the Receiver will have been irreparably harmed in the likely event Victoriabank's assets are no longer accessible due to a prematurely vacated Freeze Order. Victoriabank is a foreign corporation whose account with BNY Mellon is its only domestic tie, making those funds the only sure means of repayment for the victims of the ZeekRewards Ponzi scheme should the Receiver prevail on appeal. A stay order correctly preserves the status quo and possibility of relief when "no other adequate remedy at law exists." *Federal Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir. 1981).

In conjunction with its own inherent authority, the Court's Stay Order is supported by the necessary "*Hilton* factors:" "1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). In considering each of the four factors, this Court has previously held that, "this formula is not rigid" and the court must "contemplate individualized judgments in each case." *Underwood v. Harkleroad*, No. 5:04CV193-MU-02, 2010 WL 324416, at *1 (W.D.N.C. Jan. 19, 2010) (Mullen, J.) (citations omitted) (citing *Hilton*, 481 U.S. at 777-78). Specifically, "in the absence of 'making a strong showing that he is likely to succeed on the merits,' an applicant may be entitled to a stay where factors two and four are met." *Id*. Here, there is demonstrable irreparable injury to the Receiver, no comparable risk to Victoriabank, and significant public

interest favoring the Receiver. Considered against factors two through four, the likelihood that the Receiver will succeed on appeal need not be as strong. Thus, taken together, the "*Hilton* factors" support the Court's Stay.

Supported by its own authority, as well as the "*Hilton* factors," this Court issued a Stay to protect the efficacy of the pending appeal and available remedy for the Receiver should the Fourth Circuit find jurisdiction proper. Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate Order Staying Dissolution of February 12, 2016 Freeze Order is hereby **DENIED**.

Signed: July 12, 2017

Graham C. Mullen
United States District Judge