IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS,<br><br>    Defendants. | Civil Action No. 3:12 cv 519 |

## RECEIVER'S MOTION TO AUTHORIZE FINAL DISTRIBUTION

Matthew E. Orso, the Court-appointed Successor Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com (the "Successor Receiver" or the "Receiver") by and through his undersigned counsel, respectfully files this Motion (the "Motion") seeking an order of this Court authorizing the Receiver to make a final distribution. The Receiver requests to make the final distribution in accordance with the procedures set forth in this Court's Order Approving Distribution Procedures and Certain Other Related Relief (the "Distribution Order"). (Doc. No. 199). In support of the Motion, the Receiver states as follows:

1. Defendants Rex Venture Group, LLC ("RVG") and Paul Burks (the "Defendants") operated a large Ponzi and pyramid scheme (the "Scheme"). As a result of the Scheme, on August 17, 2012, the Securities and Exchange Commission ("SEC") commenced a civil enforcement action against the Defendants alleging various violations of securities laws. (Doc. No. 2).

1

2.      Kenneth D. Bell (the "Initial Receiver") was appointed as the Receiver for the estate of Rex Venture Group, LLC d/b/a ZeekRewards.com (the "RVG Estate").  (Doc. Nos. 4 & 21).  On May 22, 2019, Judge Bell, the Initial Receiver, was confirmed as a United States District Judge, and thereafter Matthew E. Orso became the Court-appointed Successor Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com.  (Doc. No. 739).  For purposes of this Motion, the actions of the Initial Receiver and Successor Receiver are both referred to generally throughout as actions of the Receiver.

3.      The Receiver and his team have worked diligently to return as much of the money lost by the victims of the Scheme as quickly and efficiently as possible.  During that process, on March 26, 2014, the Court entered the Distribution Order in which the Court set forth certain distribution procedures by which the Receiver is to make distributions to claimants during the course of his receivership.  (Doc. 199).

4.      In 2014, the Receiver made an initial interim partial distribution to certain claimants in 2014.  (Doc. No. 229).  The Receiver made a second interim partial distribution to certain claimants in 2015.  The Receiver made a third interim partial distribution to certain claimants in 2017.  The Receiver made a fourth interim partial distribution to certain claimants in 2020.

5.      As this Court is aware, the Receiver has been working toward the final resolution and closing of the RVG Estate and has made significant progress.  All material litigation affecting the receivership has been resolved.[1]

---

[1] The Receiver is currently working to dispose of a collateral challenge in Florida state court to the already final judgment of this Court regarding liability in the net winner class action.  This state-court declaratory judgment action is the only current litigation of the receivership.

6. To that end, the Receiver seeks approval of this Court to make a fifth and final distribution to holders of allowed Claims entitled thereto in accordance with the procedures set forth in the Distribution Order.

7. As set forth in the Distribution Order, the final distribution shall provide for the distribution of as much of the RVG Estate's assets as is possible without causing a disparity in the pro-rata distribution to be made on allowed Claims.

8. The Receiver plans to distribute an additional amount of approximately $10,000,000-$13,000,000 to claimants.

9. The Receiver shall withhold $1,000,000.00 to comply with tax withholding requirements and to fund expenses of the Receivership.

10. In accordance with the Distribution Order, the final distribution shall be made to the holders of allowed Claims at the addresses set forth in the Claims asserted by such holders, as amended by such holder on the Claim Portal. To amend the address for payment, holders of allowed Claims must go to the following link: https://cert.gardencitygroup.com/zrwphase3/fs/home and update the contact information previously provided.

11. The Receiver requests that this Court set **November 1, 2021, at 11:59 P.M. Eastern Time** as the deadline by which each holder of an allowed Claims must make any changes to its address in the Claim Portal to the extent the address set forth in the Claim (or amended on the Claim Portal) is not the desired address for delivery of the final distribution.

12. Any final distributions (i) for which the check making such distribution is not negotiated within 45 days of its issuance and no request for re-issuance is made within such 45-day period, or (ii) that are returned to Receiver as undeliverable and no appropriate forwarding

address is received within 45 days of the issuance of the distribution, shall be treated as Unclaimed Property. As set forth in the Distribution Order, the Receiver is under no affirmative obligation to attempt to locate any holder of an allowed Claim.

13. In accordance with the Distribution Order, if the combined total of Unclaimed Property related to allowed Claims totals (i) $100,000 or more, the Unclaimed Property shall, subject to Section 4 of the Distribution Order ("No *de Minimis* Distributions") and other relief approved by this Court in Distribution Order, be redistributed to the other holders of allowed Claims in Class 3 until the holders of allowed Claims in Class 3 are paid in full on account of their allowed Claims in Class 3, and, thereafter, distributed by the Receiver to other holders of Claims allowed in the order of priority established by this Court, or (ii) if less than $100,000, the Unclaimed Property shall be donated to a non-denominational charity to be selected at a later date by the Receiver; provided that, all Claims in respect of the Unclaimed Property shall be deemed disallowed, and the holder or successor to such holder of any Claim so disallowed will be forever barred, expunged, estopped and enjoined from asserting any such disallowed Claim in any manner against the Receiver, the RVG Estate, or their respective property, notwithstanding any federal or state escheat laws to the contrary.

14. In accordance with the Distribution Order, upon making the final distribution, the Receiver shall file a report with this Court.

15. The Receiver will serve a copy of this Motion on all parties in interest via the CM/ECF system or electronic mail.

WHEREFORE, the Receiver respectfully asks this Court to approve the Receiver to make a final distribution in accordance with the distribution procedures previously set forth in this Court's Distribution Order (Doc. No. 199).

Dated: October 6, 2021

/s/ Matthew E. Orso
Matthew E. Orso (NC Bar No. 42409)
*Court-appointed Receiver*
MCGUIREWOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: 704-343-2000
Facsimile: 704-343-2300
morso@mcguirewoods.com

Shawn R. Fox (admitted *pro hac vice*)
*Attorney for Court-appointed Receiver*
MCGUIREWOODS LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Telephone: 212-548-2100
Facsimile: 212-548-2150
sfox@mcguirewoods.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send copies to counsel of record registered to receive electronic service. Additionally, all entities that have provided e-mail addresses and fully submitted Claims on the Claim Portal shall be served a copy of this Motion via electronic mail.

This the 6th day of October, 2021.

*/s/ Matthew E. Orso*